## CANTON COMPANY OF BALTIMORE *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE.

*Dedication of Street by User—Burden of Proof—Evidence.*

The open, continuous and uninterrupted use by the public for more than twenty years of a way across the land of an individual, under claim of right, constitutes a dedication of the way to the public by prescription.

When the owner of land alleges that the use by the public of a road across his land was not adverse and did not constitute a dedication of the way by user for twenty years, the burden is upon him to show that the use of the road was by license, or permissive, or was under a contract inconsistent with the claim of a right.

The Canton Company owns a tract of land extending from Alice Anna street southwardly to the water of the harbor. Through this tract a street or road, laid out by the company, runs to the water which is apparently a continuation of a public street which runs from the north to Alice Anna street. For considerably more than twenty years, this street had been used by the public without interruption or hindrance. The city authorities had laid in it a water main and drains, and had repaired and cleaned it, and it had been patrolled by the police. Certain obstructions placed in the bed of the street by tenants of the Canton Company were of a temporary nature only, and did not materially interfere with the public's use, and although that company had graded and paved the street, it had done the same work on public streets in the vicinity. Until shortly before the institution of this suit, the Canton Company had never obstructed the use of the street by the public. *Held*, that this street had been dedicated by the adverse and continuous use of it by the public for more than twenty years.

*Decided December 19th, 1906.*

Appeal from the Circuit Court of Baltimore City (HAR-LAN, C. J.)

The cause was argued before McSHERRY, C. J., BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*Arthur Geo. Brown* and *R. E. Lee Marshall*, for the appellant.

*Joseph S. Goldsmith* and *Charles F. Stein* (with whom were *W. Cabell Bruce* and *Sylvan H. Lauchheimer* on the brief), for the appellee.

JONES, J., delivered the opinion of the Court.

This case involves the question as to the use and control of a lot of ground of which the appellant corporation claims the private ownership, and which the appellee, the city of Baltimore, claims to be a part of one of its public streets and as such dedicated to the use of the public. The question was raised in the case by the application of the appellant for an injunction to restrain the appellee from removing a fence which the appellant, in assertion of its ownership of the lot of land in question, had erected thereon so as to cause an obstruction to its use as a public highway.

In its bill for an injunction the appellant alleged that it was the owner in fee of a tract of land in the city of Baltimore lying between a public highway known as Alice Anna street on the north and the Patapsco river on the south, and of all water rights and privileges appurtenant thereto; that for the more convenient use of said land it had laid out and opened upon and over said property a certain road or street, "beginning at and intersecting the south side of Alice Anna street, and running thence southerly at right angles to Alice Anna street with an even width of forty-five feet through and over said land a distance of two hundred and seventy-two feet more or less to said Patapsco river; said road or way forming a continuation through the land" of the appellant "south of Alice Anna street, of a certain street, known as Chester street, which runs into and intersects the north side of Alice Anna street;" and that the said street or road was laid out wholly through the premises of the appellant "and solely for its own convenience" and used and "was graded, paved and curbed" by it "and has always been repaired and maintained at its own cost and expense." The bill then alleges the erection by the appellant of the fence already referred to, which it claims to be wholly on its own land and across the bed of the street in controversy, at the point of its intersection with the south side of Alice Anna street and which was erected for the purpose of preventing public ingress and egress to and through its land; and that the authorities of the appellee had given it written

notice to remove said fence and had threatened, in case of re-
fusal, to cause the same to be removed by the employees of
the appellee at the expense of the appellant.    It is charged the
appellant's premises "will be seriously and permanently in-
jured by the removal of said fence and the consequent open-
ing" of appellant's property as threatened.    Upon this bill a
preliminary injunction was granted.

The appellee answered the bill admitting the notice to the
appellant to remove the fence erected as stated in appellant's
bill; and avers that it was the duty of the appellee to cause the
said fence to be removed because the street upon which it was
erected, and which was described in appellant's bill, existed as
a public street and had so existed for more than twenty years,
having been created and dedicated to public use considerably
more than twenty years before, and had been accepted as such
by the appellee.    This in substance constitutes the appellee's
defense to the appellant's bill.    After replication to the answer
there was leave to take testimony and quite a mass of evidence
was submitted by the parties in support of their respective
contentions.

The question made upon the pleadings, as will be seen, is
whether the land embraced in that part of what is known as
Chester street in the city of Baltimore, which lies between
Alice Anna street and the Patapsco river, as described in the
appellant's bill, is the private property of the appellant and in
its use as a road or otherwise subject to the control of the ap-
pellant; or whether it exists as a public street or highway and,
as such, is subject to the control of the appellee.    This is the
sole question which the parties to the controversy have made
for the Court other than those arising on exceptions to some
of the evidence, and its decision depends entirely on the evi-
dence properly in the cause.

The appellee rests its claim to control over the road or street
in question first upon an express dedication of the use of the
same to the public as a highway; and secondly upon such dedi-
cation of the same arising from user by the public for more
than twenty years in such a way as to establish it as a public

street.    It appears as alleged in appellant's bill that the street
in question is a continuation of what is known as Chester street
which runs north and south and with this continuation crosses
Alice Anna street referred to in the bill and runs to the waters
of Patapsco river.    That part of Chester street lying to the
north of Alice Anna street it is admitted was long since dedi-
cated as a public street; but the question of the express dedi-
cation of that part of the said street lying to the south of Alice
Anna street is embarrassed by the physical conditions that ap-
pear to have existed in the locality thereof after the northern
part of the street was in use as a highway.    We shall not find
it necessary however to pursue the inquiry as to the express
dedication nor to undertake to determine the time of such ded-
ication if any was so made.

It seems to be made reasonably clear from the evidence
that the appellee's claim that the street in question now exists
as a public street has been established by user.    Just when
the street in controversy came into existence as a continuation
of Chester street across and to the south of Alice Anna street
does not appear.    But whenever it did, it took the exact
width of this previously dedicated street and from the time of its
formation seems to have been known as Chester street—no dis-
tinction having been made, as respects the name, between that
and the already existing Chester street to the north of Alice
Anna street.    As far back as 1849 it was referred to on the
books of the appellant as Chester street.    The evidence shows
that this continuation of the previously existing street was of
much convenience and utility to the public in getting to and
from the harbor of Baltimore for various purposes of business,
it being the only street between a street known as Wolfe
street and the Baltimore County line dividing that county from
the city (appellee), a distance of about a mile.    The public
therefore, would naturally be inclined to avail of opportunity
afforded to adopt the street in question as a highway for public
use ; and the same reason would induce the appellee to accept
it as such.    The considerations mentioned may be lacking in
any considerable probative force towards establishing prescrip-

tive title ; but they, at least, may tend to give color to the
character of use to which the street was subjected by members
of the public.   Their tendency may well have been to induce
a general understanding that the street was designed for
public use;  and this may be supposed to give character to the
claim with which its use was availed of with the effect to re-
quire a more distinct and palpable denial of the public right
than would be requisite in other circumstances to guard
against the consequence of the user.

The appellee offered testimony through numerous witnesses
that the street in question had been used for more than twenty
years without interruption, let or hindrance to such user by
the public generally and that it was used as any other public
street would be used for the purposes of business and conven-
ience of the people so using it.   Among these witnesses were
several ranging in age from about fifty to seventy-eight years;
some of whom had lived in the vicinity of the street and had
known it from their earliest recollection, and their testimony
was to the effect that the street had always been used as has
been indicated.   This proof was corroborated by that of many
other witnesses who, though not having known the street so
long, gave evidence going to show the user and the character
of it at the various periods in regard to which they spoke.
Among these last mentioned witnesses were police officers
whose knowledge was acquired in connection with the perform-
ance of duty in the locality and also in reference to the street
itself.   It is not necessary to refer to this evidence in detail or
the particulars of it.   None of it was made the subject of ex-
ception ; nor did the appellant offer any evidence in contradic-
tion of the fact of user by the people of the community as the
witnesses referred to had testified.   The evidence as to this,
offered by it, went to show facts from which it is argued that
the user in question would appear not to have been adverse
but permissive only.   Later on this evidence will be examined.

On the part of the appellee, as going to show the character
of the user and the claim under which it prevailed, evidence
was offered going to prove that the street in question had

been for many years past—definitely since 1885—patrolled by its police upon the assumption and claim that it was a public street; that upon the same assumption it had been repaired and cleaned from time to time ; that in 1886 a lamp had been supplied to it near where it reached the water and where there was a wharf in use in connection with the street; that prior to 1885 the appellee had laid, and had in use ever since, in the bed of the street a water main opening into a bulkhead at the foot of the street which is used by the city to flush the mains and to which there is a lock in the bed of Chester street between Alice Anna street and the water front; and that ever since the street had an existence it has been subject to a drainage established by the appellee to drain surface water from streets to the north of it into the harbor.

In *Cox* v. *Forrest*, 30 Md. 74, 80, this Court has said "the use of a way over the lands of another whenever one sees fit, and without asking leave, is an adverse use, and the burden is upon the owner of the land, to show that the use of the way was by license or contract inconsistent with a claim of right." Upon the principles here enunciated it would seem to be quite clear that the evidence on the part of the appellee, to which reference has been made, imposes upon the appellant the burden of showing that the user of the street in question, testified to on the part of the appellee, is not inconsistent with its private ownership of and control over the street in dispute, or with its assertion of the right to close, and deny use of the same by the act which is the subject of this controversy.

It does not appear that the appellant has ever heretofore by any definite, distinct and positive act denied the right of user of the street as the same has been used, or actually, with design, placed any obstruction in the way of its being so used. It produced a witness who testified to the circumstance that at one time the street was practically entirely obstructed from hogsheads being piled into it by certain tenants of the appellant occupying premises abutting on the street. There was however contradiction of this testimony as to the extent of the obstruction—in fact as to there being practically any obstruc-

tion at all such as to prevent the use of the street but the effect of the evidence is destroyed by that of the same witness who said there had been no such condition in the street for twenty years back from the time he was testifying; and by other evidence on the part of the appellant that the tenants who had so placed obstructions in the street had vacated the premises occupied by them in 1881. During the intervening time when no obstructions have existed to prevent or hinder the use of the street these premises have been used by the appellant as a storage warehouse.

Another circumstance relied upon by the appellant in the present connection is that a tenant who leased of it a ferry at the foot of the street in question maintained a ferry house in the bed of the street. The evidence shows however that this was not such a structure as impaired the use of the street; was not permanent in character nor designed for more than temporary convenience being a movable structure—in fact a street car bought by the tenant and put there as a shelter to persons using the ferry with some changes to adapt it to the purpose. This supplanted a previous structure which must have been of even a more unsubstantial character to be discarded for one of the kind just mentioned. There is no evidence that this was any serious obstruction of the street in the uses to which it was subject; nevertheless the party maintaining the structure was at one time arrested at the instance of the appellee for maintaining it. The testimony is that the grand jury dismissed the charge. While the action of the grand jury, and this result of the case, proved nothing as to the respective rights of the parties to this cause the circumstance evidenced the hostile claim of the appellee to the street and emphasizes the inaction of the appellant in delaying to assert more distinctly its adverse claim to the control of the street in question until now.

There was also some testimony as to the collection of wharfage by the appellant for the use as a wharf or landing place of the bulkhead at the foot of the street in question. As to this the evidence was far from being satisfactory or convincing.

There was no evidence that clearly separated the wharfage alleged to have been collected from the persons using only this bulkhead from that collected of persons using adjoining piers which were the property of the appellant. There was evidence that the wharfage when demanded for the bulkhead had, in one instance at least, been refused and the demand was not then pressed. The evidence further showed that while some persons may have paid wharfage for the use of the bulkhead a great many so using it did not pay and apparently were not expected to do so.

These seemed to be the only considerations pressed by the appellant in argument upon the point under consideration. There was however evidence offered by it going to support the allegation in the bill that it had graded and paved and repaired the street in question. This however is deprived of significance because upon the production of the books of the appellant it appeared that in and about the time it was making appropriations for paying for the work upon the street in question it was doing the same thing and to a larger extent with reference to Chester street north of Alice Anna street and other of the public streets in the locality.

As the exceptions to testimony do not relate to any of the testimony that has come under consideration in disposing of the question which has been here treated as decisive of this controversy we need not make reference to them.

It follows from the foregoing views that the decree of the Court below must be affirmed.

*Decree affirmed with costs to the appellee.*