MARÍA KEATING *vs.* CITY OF BOSTON.

Suffolk.    March 16, 1910. — July 5, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Way*, Defect in highway.    *Coal Hole.*    *Evidence*, Judicial notice.

In an action against a city for personal injuries from an alleged defect in a highway of the defendant, consisting of a coal hole in a sidewalk, the cover of which slipped when the plaintiff stepped on it, causing the accident, it appeared that the cover was safe if adequately fastened from the inside, but that, if not so fastened, it would slip when stepped on from a certain direction, and that it was fastened properly a month before the accident.    There was no evidence as to its condition from that time until the accident happened.    There was no evidence as to the kind of person who occupied the building to which the coal hole belonged during the month before the accident.    The same cover had been on the coal hole for more than nine years, and there was evidence that a police officer of the defendant, whose duty it was to report defects in the highways on his route which included this place, knew of the condition of the coal hole and its cover at least a month before the accident.    *Held*, that there was evidence for the jury that the injuries of the plaintiff were sustained by reason of a defect in the highway of which the defendant had reasonable notice.

It is a matter of common knowledge, of which the court takes cognizance, that coal hole covers set in iron collars can be made to fit so that they will remain firm and in place when trodden upon without being fastened from within.

A coal hole cover in the sidewalk of a public street, which when trodden upon in a certain way will tip up unless it is fastened from within, is so likely to be unfastened, that a jury is warranted in finding that a city, which, after it had notice of such a condition of a coal hole and its cover, allowed it to continue, is liable for injuries sustained by reason of such a tipping up of the cover.

TORT, under R. L. c. 51, § 18, against the city of Boston for personal injuries alleged to have been sustained by reason of a defect in the sidewalk of Melrose Street, a highway of the defendant, while the plaintiff was travelling thereon in the exercise of due care on the afternoon of December 12, 1904.    Writ dated April 12, 1905.

In the Superior Court the case was tried before *Stevens*, J. The findings of fact which were warranted by the plaintiff's evidence are stated in the opinion.    At the close of the plaintiff's evidence, the defendant rested, and asked the judge to order a verdict for the defendant.    This the judge refused to do, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $600.    The defendant alleged exceptions.

*D. D. Leahy*, for the defendant.

*F. M. Carroll*, for the plaintiff.

LORING, J. The plaintiff, while walking on a sidewalk in one of the defendant's city streets " going west," stepped on a coal hole cover. The cover slipped off, one of her legs went into the hole and she was thrown down violently and broke her arm.

Two witnesses testified that they examined the coal hole on the afternoon of the day of the accident, and that the cover would slip when stepped on by a person going west. Another witness testified that he examined it the next day and that " By pressing down on it solid everything was firm. . . . I stepped back and put my heel on it and it tossed right up." This warranted a finding that the stone in which the iron cover was countersunk had become worn on the east side, but not on the west side, and had become so worn on that side of it that it slipped out and up when a person stepped on the east part of it. The last witness so testified in terms. The witness, who examined the coal hole the day after the accident, also testified that a month before the accident he noticed " where it slipped off"; that he put it back and notified the person who seemed to be the occupant to put a rope on it and " weigh it down "; that a day or two after that he tried it and " it was good and solid." This witness was a police officer whose route was over the street here in question and he testified that so far as he could tell it was all right from that time to the time of the accident to the plaintiff. He also testified that it was his duty to report defects in the highways on his route.

The only testimony in addition to the foregoing came from the person who had occupied the building in question for nine years ending a year and six months before the accident, and from one of the owners of the house. The tenant testified that the cover " did not fit very proper, as it should, but it was loose around the edges because it was worn," and that rain water leaked through into the cellar. " But I kept it fastened down on my own convenience because quite a number of times people would step on it and it would slip one side, of course, so lately, and of course I kept it tightened down with a stick in it." The owner testified that the cover on the coal hole at the time of the

accident was the same one that was there during the nine years mentioned above.

It must be taken on the plaintiff's evidence on which the defendant went to the jury that the cover was secure when it was adequately fastened from the inside.

The question presented by this case is not covered by the previous decisions of this court.

In *Hanscom* v. *Boston*, 141 Mass. 242, " there was no evidence that the coal hole and cover were improperly constructed, or that there was anything in the appearance of the coal hole or cover that indicated any defect, or that it had ever before been out of place." We have stopped short of the end of the sentence which we have quoted to make it plain that the facts of that case are different from those in the case at bar. The sentence ends with these words : " and no evidence that the officers of the city had any knowledge that the cover was not fastened down on the inside." What was decided in that case was that this evidence did not make out a case for the jury.

In *McGaffigan* v. *Boston*, 149 Mass. 289, there was evidence that the cover tipped when stepped on but was safe and secure when fastened. In addition there was evidence that " the neglect of the occupant of the premises to fasten the cover on the inside was habitual." It was held that this made a case for the jury.

In *Franklin* v. *Worcester*, 204 Mass. 22, one witness testified that two years before the accident the stone " was worn a little around " and that the cover did not fit snugly, and another that the condition had been the same for sixteen years, and that was all. There was no evidence that it ever had been fastened or what the effect of fastening it was or would have been. It was held that this made a case for the jury.

The cover in the case at bar did not fit tightly so that when put in position without being fastened it was secure, and so the case does not come within *Hanscom* v. *Boston*, 141 Mass. 242. Again, in the case at bar it cannot be said that the neglect to fasten the cover was habitual. So the case does not come within *McGaffigan* v. *Boston*, 149 Mass. 289. Lastly, there was evidence in the case at bar that the cover was safe if it was fastened and that it was fastened a month before the accident,

the last time there was evidence as to its condition before the accident, and for that reason the case does not come within *Franklin* v. *Worcester*, 204 Mass. 22.

If it were impossible to construct a coal hole cover which would not tip up when stepped upon unless fastened from within, a different question would be presented from that which we have to pass upon. But it is a matter of common knowledge that coal hole covers set in iron collars, although unfastened, remain firm and in place when trodden upon. Sewer covers and the covers of other man holes leading to conduits under public streets cannot be fastened from within and for that reason are always — or at least almost always — set in an iron collar, and when so set do not tip up when trodden upon.

If the owner of the abutting building a month before the accident had been known to the city to be a careful person, that would not go far to justify it in allowing a coal hole cover to remain in the sidewalk which would tip up when trodden upon unless fastened from within. Coal holes are used by those delivering coal and not by the owner of the building. Few if any occupants examine the cover to see that it is left in a proper condition by the servant of the coal dealer after it is used by him. In the case at bar there was no evidence as to the kind of person the occupant of the abutting building a month before the accident was; and in addition to that there was no evidence how long that person expected to occupy the building.

The city had notice that the coal hole was in the sidewalk. That made it its duty to use due diligence to protect the travelling public from that hole, and the question is whether it has used due diligence, if the only protection against the hole is a cover which will tip up if stepped upon unless fastened; or, to state it in another way, the question is whether in the exercise of due diligence the city can allow such a cover to remain, relying on the occupant of the abutting house to fasten it. We can have no doubt that in case of the covers of man holes in the street which cannot be fastened from within a finding would be warranted that a cover which tipped up when trodden upon was a danger which a city would not allow if it used reasonable diligence. The question is not what view we take upon the question which arose in this case, but what view a jury could take

upon it.   We are of opinion that a jury is warranted in finding that a coal hole cover which when trodden upon will .tip up unless fastened is so likely to be unfastened that a city which used reasonable diligence after it had or in the exercise of proper care might have had notice of this condition would not allow it to be there at all.   See in this connection *Post* v. *Boston*, 141 Mass. 189 ;  *Campbell* v. *Boston*, 189 Mass. 7.

*Exceptions overruled.*