# THE CANTON COMPANY OF BALTIMORE

*vs.*

## DAISY M. SEAL.

## MAYOR AND CITY COUNCIL OF BALTIMORE

*vs.*

## DAISY M. SEAL.

*Dedication of Street—Acceptance by City—Liability for Defects—Joint Defendants—Allegation of Ownership— Election—Partial Reversal.*

That deeds of land in the City of Baltimore provided that the references therein to streets which the property adjoined were for purposes of description only, and were not intended to dedicate the streets, did not preclude the theory of a subsequent intention to dedicate one of such streets, inferred from the grantor's acquiescence in the free and continuous public use thereof during the ten years which elapsed after the execution of the deeds, in view especially of Acts 1908, ch. 582, providing that the omission for more than a year to maintain a barrier between a private street and a public street with which it connects shall raise a conclusive presumption of the dedication of the former to public use.                                   pp. 178, 179

The acceptance of the dedication of a street by the city may be inferred from a long and general public use of the street, and the action of the city in taking charge thereof for the purpose of its lighting and cleaning, its police protection, and the supply of water by the installation of pipes beneath the surface.

p. 179

The owner of the fee in land which is subject to the easement of a street, created by its deeds of adjacent property, is under no obligation as to the paving or repairing of the highway.

p. 180

The owner of the fee of a street of which there has been a dedication to public use, accepted by the city, is under no obligation as to the paving or repair of the highway.　　p. 180

In an action on account of an injury caused by plaintiff's fall into a hole in a street, it was proper to refuse to withdraw the case from the jury on the ground of plaintiff's contributory negligence, she having testified that she did not previously know of the existence of the hole, and that, owing to the darkness, it was not visible to her at the time of the accident.　　p. 180

That, in an action on account of injury caused by a defect in a street, the declaration described defendant city and another defendant as owners of the street, and that there was no joint ownership of the street, did not preclude recovery against the city, the characterization of the defendants as owners of the street being merely incidental to the allegations of duty and negligence which the declaration emphasized.　　pp. 180, 181

In an action against a city and another on account of the unsafe condition of a street, there may be a recovery against the city alone.　　p. 181

In an action against a city and another on account of an injury caused by a defect in a street, evidence introduced by such other to show that it had dedicated the street to public use, and that the city had accepted the dedication, could not be so limited by the court, at the request of the city, as not to affect the question of the city's liability.　　p. 181

In an action against a city and another on account of an injury caused by a defect in a street, the court properly refused to require the plaintiff to elect as to which one of the defendants she would charge with liability, the question of liability as between the defendants being one which plaintiff was entitled to have judicially determined.　　p. 182

Under Acts 1920, ch. 229, on appeals by two defendants from a judgment for damages against both, the Court of Appeals may affirm the judgment as to one defendant, and reverse it, without the award of a new trial, as to the other.　　p. 183

*Decided November 16th, 1923.*

Appeals from the Superior Court of Baltimore City (HEUISLER, J.).

Action by Daisy M. Seal against the Mayor and City Council of Baltimore and the Canton Company of Baltimore. From a judgment against both defendants, each appeals. Affirmed as to the Mayor and City Council of Baltimore, and reversed as to the Canton Company.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*R. E. Lee Marshall,* with whom were *Brown, Marshall, Brune & Parker* on the brief, for the Canton Company, appellant.

*Horton S. Smith* and *Allan Cleaveland, Assistant City Solicitors,* with whom was *Philip B. Perlman, City Solicitor,* on the brief, for the Mayor and City Council of Baltimore, appellant.

*J. Richard Standiford* and *James J. Lindsay,* submitting on brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The plaintiff was injured by falling into a hole in the bed of South Streeper Street, between Foster Avenue and Fleet Street, in the City of Baltimore. The accident occurred at night, as the plaintiff was proceeding across the street from an automobile, on the west side, from which she had just alighted. It was an opening two or three feet in width, and a foot or more in depth, through the concrete surface of the street, in which the plaintiff fell and received her injury. This defect in the street had existed for many months. The pending suit for damages, resulting from the accident, is against the City of Baltimore and also the Canton Company, a corporation which owns the fee in the bed of the street.

The city denies liability on the theory that the street has not been accepted as a part of its highway system, while the Canton Company resists the action on the ground that, as servient owner of the land subject to the street easement, it is not chargeable with the duty of keeping the street in repair, and, further, that there was an effectual dedication, and acceptance by the city, of the street as a public thoroughfare subject to municipal control. The defense of contributory negligence is also interposed. Whether both or either of the defendants can be held responsible for the unsafe condition of the street is the question of primary importance on this appeal. The judgment, on the verdict of a jury, was in the plaintiff's favor, for the sum of three thousand dollars against the two defendants jointly.

The evidence offered by the plaintiff is undisputed. It proves that the hole into which she fell was in the bed of a traveled way which has every appearance of being a fully established street of the city. It is paved and improved as a street and there are rows of houses on either side bearing the usual street numbers. It connects, to the north and south of the block in which the accident happened, with streets which are undeniably under the ownership and control of the municipality. It is lighted by city lamps and has the benefit of the city street cleaning service. It is regularly patrolled by the city police. The occupants of the houses fronting on the street are supplied with water by the city through pipes which it installed under the street surface. There is a general use of the street by the public for the usual highway purposes.

It appears from the evidence that Streeper Street, in the locality of the accident, was originally improved with the existing concrete paving by Edward J. Gallagher, who acquired the adjacent land on both sides of the street from the Canton Company in 1911 and 1913, and used it for the erection of dwelling houses. In the deeds by which the land was thus conveyed there were provisions that the references therein to the streets which the property adjoined were only

for the purposes of description, and were not intended to dedicate any of the streets so mentioned, but the title thereto was reserved in the grantor subject to their use in common. It was evidently because of this reservation that the Canton Company was joined with the city as a defendant in the present suit. The city contends that the express denial in the Canton Company's deeds of an intention to thereby dedicate the street in question to public use precludes the theory that there was any offer of dedication which the city can be held to have accepted.

It is provided by statute, enacted in 1908 and still in force, that every private street laid out and opened in Baltimore, after the date of the act, which shall, for the period of a year, connect with a public street of the city, and passage between the private and the public street "shall not be barred or obstructed by a wall, fence or similar structure erected along the dividing line between them, either without a gate or gates therein, or with a gate or gates, which shall be kept closed at all times except when in actual use, shall be conclusively presumed to have been dedicated by the owner or owners thereof to public use as public highways, and may, at any time thereafter, be accepted as public highways, either by ordinance of the Mayor and City Council of Baltimore or in any other manner in which a dedication of land to public use made in any other way may be accepted." Acts 1908, ch. 582; Acts 1912, ch. 659; Baltimore City Code, sec. 840a.

The Canton Company has apparently asserted no right of control over any portion of Streeper Street since the execution of its deeds of 1911 and 1913 to which we have referred.

There seems to have been no interference whatever with the use of the street by the public. The surrender of the street to such use appears to have been complete from the time it was opened and improved. The acquiescence of the Canton Company in the free and continuous public use of the street, during the years which have elapsed since the execution of its deeds for the adjacent land, justifies the inference of an

intention on its part to dedicate the street to public use, especially in view of the statutory provision, cited by the company, which we have quoted. While its deeds, executed ten and twelve years ago, negative the existence of such an intent at that time, they did not prevent the company from forming and manifesting a subsequent purpose to dedicate. A conclusive presumption in favor of dedication is declared by the statute to have arisen from the omission, for more than a year, to maintain a barrier between the part of Streeper Street involved in this case and the public streets with which it connects. There is clearly sufficient ground, under the conditions proved, for the conclusion that a dedication of the street was intended.

An acceptance by the city of the dedication is also inferable from the evidence. The city authorities appear to have treated the street as being included in the general system of highways under their control and supervision. The long and general public use of the street, and the action of the city in taking charge of it for the various municipal purposes already indicated, are facts which tend to support the theory that the implied offer of dedication by the Canton Company was accepted.

The conclusions we have stated as to the effect of the evidence offered to prove a dedication, and an acceptance by the city, of the street in which the plaintiff was injured, are consistent with the settled principles of the law on the subject, which this Court has had frequent occasion to consider and apply. *Sanderson* v. *Baltimore,* 135 Md. 509; *Beale* v. *Takoma Park,* 130 Md. 297; *Phila., B. & W. R. Co.* v. *Baltimore,* 124 Md. 635; *Baltimore* v. *Canton Co.,* 124 Md. 620; *Pope* v. *Clark,* 122 Md. 1; *Whittington* v. *Crisfield,* 121 Md. 387; *Cushwa* v. *Williamsport,* 117 Md. 306; *Bloede* v. *Baltimore,* 115 Md. 594; *Stover* v. *Steffey,* 115 Md. 524; *Canton Co.* v. *Baltimore,* 104 Md. 582, 106 Md. 69; *New Windsor* v. *Stocksdale,* 95 Md. 196; *Ogle* v. *Cumberland,* 90 Md. 59; *Baltimore* v. *Broumel,* 86 Md. 153; *Baltimore* v. *Fear,*

82 Md. 246; *Pitts* v. *Baltimore,* 73 Md. 324; *Glenn* v. *Baltimore,* 67 Md. 390.

No error was committed by the trial court in its refusal to direct a verdict for the city, at the close of the plaintiff's case, on the ground that there was no legally sufficient evidence of an acceptance of a dedication of the street in controversy. A prayer of the Canton Company for a directed verdict in its favor should have been granted. There is no evidence in the case upon which the theory of its joint or separate obligation to keep the street in repair can be sustained. If regarded merely as owner of the fee in land which became subject to the street easement created by its deeds, the company could not be required to pave or repair the highway, and no such liability is imputable to it if the view that the city accepted a dedication of the street is correct. In either event the company was entitled to the instruction which it requested.

It was proposed also, when the testimony on behalf of the plaintiff was closed, that the case be withdrawn from the jury on the ground that her injury was shown, by the undisputed evidence, to have resulted from her contributory negligence. The proof did not admit of such an instruction. It was testified by the plaintiff that she did not previously know of the existence of the hole in which she fell, and that it was not visible to her at the moment of the accident because of the darkness. In these respects the facts of the case now being considered are very different from those proved in *Burns* v. *Baltimore,* 138 Md. 582, and *Knight* v. *Baltimore,* 97 Md. 652, cited in support of the contributory negligence theory. There would be no justification for a ruling, upon the evidence in this case, that the plantiff must be conclusively charged with contributory negligence for not avoiding, in the obscurity of the night, a street defect of which she appears to have been unaware. *Magaha* v. *Hagerstown,* 95 Md. 62.

By certain prayers and exceptions the city made the point that as the declaration described it and the Canton Company

as owners of the street on which the plaintiff was injured, and as the evidence in the case disproves any joint ownership of the street by the defendants, there can be no recovery against the city in this action. The real intent and effect of the declaration was to charge the city and the Canton Company with responsibility and neglect in reference to the maintenance of the street in safe condition for public travel. The characterization of the defendants as owners of the street was incidental to the allegations of duty and negligence which the declaration emphasized. In an action of this nature against two or more defendants recovery may be had against only one of them if found to be solely liable. 1 *Poe, Pl. & Pr.* (3rd ed.), sec. 527; Code, art. 50, sec. 12. The fact that the city's co-defendant in this case may be properly exempted from actionable liability is not a sufficient reason for a decision that as against the city also the suit is not maintainable.

After the prayers to withdraw the case from the jury, on the plaintiff's evidence, had been refused, the city declined to offer any evidence, but the Canton Company called witnesses, chiefly city officials, whose testimony supplemented and confirmed the plaintiff's proof as to the acceptance and use of Streeper Street, in the locality mentioned, as a municipal thoroughfare. One of these witnesses, a police officer, testified in substance that openings in the street were made by the "gas company," a number of months before the accident, and that he examined a permit given by the city to the gas company for the work. By objection and motion the city sought to have the evidence offered by the Canton Company so limited by the court as not to affect the question of the city's liability. It was not legally feasible to impose such a restriction on the proof. It was competent for the Canton Company to prove an accepted dedication of the street, as its defense to the suit, and it was inevitable that evidence supporting such a defense should militate against the opposite theory upon which the city relied. In view of the city's

declination to offer any evidence in its own behalf, and of the legal sufficiency and strength of the uncontradicted proof for the plaintiff on the issue of dedication and acceptance, there is no reason to suppose that the result of the case would have been different if the Canton Company's evidence had been wholly excluded. In the refusal to sustain the city's contention on this point there is no ground for reversal.

There were exceptions relating to the admissibility and sufficiency of evidence as to the permanence of the injury for which the plaintiff has sued. In our opinion the rulings on these exceptions were correct.

An exception was taken to the admission, on the offer of the Canton Company, of evidence that a permit was issued by the city to the Consolidated Gas, Electric Light and Power Company, some time after the accident to the plaintiff, to lay mains in the bed of the street in which her injury was received. Having in view the uncontradicted evidence tending strongly to prove the prior acceptance of the street by the city, we are unable to hold that the ruling referred to was reversible error.

A motion was made by the city that the plaintiff be required, on the evidence she had offered, to elect as to which one of the defendants she would charge with liability in the further course of the trial. This motion was overruled. The contention of the city that it was not liable had due consideration on its prayers to have the case against it withdrawn from the jury, and we see no error in the refusal of the court to compel the plaintiff to decide, as between the defendants, a question of liability which she was entitled to have judicially determined.

There were other exceptions by the city which need not be separately reviewed in this opinion. The rulings to which they relate were proper under the conditions shown by the record.

There is no occasion to pass upon any exceptions of the Canton Company other than the one reserved on the rejection

of its prayer for a directed verdict in its favor, in reference to which ruling we have stated our view that the court below erred.

A recent Act of the General Assembly provides: "In all cases in which there are more than one defendant in a Court of Law and judgment has been entered up in favor of all the defendants or against all the defendants or in favor of one or more defendants and against one or more defendants, if on appeal, it shall appear to the Court of Appeals that said judgment should be affirmed as to all said defendants or should be reversed as to all said defendants or should be affirmed as to one or more of said defendants and should be reversed as to one or more of said defendants, then, the said Court of Appeals may so direct." Acts 1920, Ch. 229; Code, art. 5, sec. 22-B. Under the terms of this statute the conclusions we have reached may be given effect without the reversal of the judgment as a whole and the remand of the case for a new trial.

> *Judgment affirmed as to the Mayor and City Council of Baltimore, and reversed, without the award of a new trial, as to the Canton Company; the city to pay the costs of its appeal, and the Canton Company's costs to be paid by the appellee.*