# SUPERIOR COURT OF BALTIMORE CITY.

Filed February 19, 1925.

---

## LOUIS LOWRY
### VS.
## MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL.

---

*Edward H. Burke* and *Johnston V. Best* for plaintiff.

*Assistant City Solicitors Allen A. Davis* and *Jno. F. Oycman* for defendants.

FRANK, J.—

The question raised by the first prayer offered by the City asking that the jury be instructed to bring in a verdict for the City, is one of great importance. All of the streets and alleys in the district added to the City by the Act of 1918, Ch. 82, similarly circumstanced to South 13th street, the street involved in this case, will be affected by the answer to this question. The City contends that 13th street is a private street. In order that the plaintiff may recover against the City, the burden is upon him to offer legally sufficient evidence that it is a public street.

The plaintiff's contention is that 13th street is a public street, that it has been validly dedicated and accepted as such. If it had been unconditionally dedicated prior to October 20, 1922, it is conceded that it would have been accepted by Ordinance No. 753 of the Mayor and City Council of Baltimore, approved on that date.

The plaintiff must, therefore, meet the burden of showing dedication.

South 13th street was laid out as a street by the T. J. Hooper Company, which owned the land which comprises its bed, and the land on the other side of it. In 1913 the lots abutting on it were leased as bounding on 13th street, but the lease expressly stated that the street was referred to solely for purposes of description and the bed thereof was expressly reserved from dedication. Subsequently in the conveyance of certain, but not all of the reversions and rents issuing thereout, the reservation of the bed of the street was omitted.

Owing to the express reservation of the bed of 13th street, there was not a dedication by estoppel *in pais* in the manner so usual. To support his claim of dedication, the plaintiff relies upon the following considerations:

1. Chapter 582 of the Acts of 1908 provides that *every private street, etc., in the City of Baltimore which shall hereafter be laid out and opened*, and which for a period of one year shall connect with, open into or lead to or from any public street, etc., and passage between which said private street, etc., shall not be barred or obstructed by a wall, fence or similar structure erected along the dividing line between them, either without a gate or gates therein, or which a gate or gates, which shall be kept closed at all times except when in actual use, shall be conclusively presumed to have been dedicated by the owner to public use as public highways, etc.

Chapter 583 of the Acts of 1908 contains similar provisions with respect to private streets *then existing in the City of Baltimore* which for a period of one year from June 1, 1908, shall be maintained and exist under the conditions as set forth in Chapter 582; these likewise shall be conclusively presumed to have been dedicated to public use, etc.

As already stated, 13th street was in the territory annexed to Baltimore City pursuant to the provisions of Chapter 82 of the Acts of 1918 and by Section 15 of that Act, Chapter 583 of the Acts of 1908 was expressly made inapplicable to the annexed territory.

All of the physical conditions necessary to make the provisions of Chapter

582 of the Acts of 1908, applicable to 13th street may be assumed to exist: If said Chapter 582 is applicable to 13th street, then by its terms 13th street will be conclusively presumed to have been dedicated to public use. Is Chapter 582 applicable to the annexed territory and therefore to 13th street? The case of Canton Company vs. Seal, 144 Md. 174, was very much relied on by the plaintiff. Streeper street which was the street involved in that case is in the older portion of the City. The opinion in that case is based largely upon the provisions of Chapter 582 of the Acts of 1908, which were held to be applicable to that street. This statute by its express terms applies to "private streets, etc., in the City of Baltimore, which shall hereafter (i. e. after June 1, 1908), be laid out and opened." Chapter 583 applies to "private streets" then (i. e. on June 1, 1908), existing in the City of Baltimore. 13th street was laid out in 1913 in Baltimore County and not in Baltimore City. It was not, therefore, laid out in Baltimore City after June 1, 1908, nor did it exist in Baltimore City on June 1, 1908. It does not, therefore, come within the terms of either Chapter 582 or 583. Section 15 of the Annexation Act expressly excludes territory embraced in that Act from the operation of Chapter 583, which applied only to private streets existing in Baltimore City on June 1, 1908. The Legislature must have feared that Chapter 583 would be held to apply to private streets in the Annex already laid out prior to Annexation, as they would constitute the only class of private streets to which its language could possibly apply. By no possible construction, then, could it be held that Chapter 582 could apply to private streets already existing at the time of Annexation; first, because its language would not admit of such construction, and, second, because so to hold would frustrate the only purpose of the proviso of Section 15 of the Annexation Act.

For these reasons I hold that Chapter 582 does not apply to 13th street.

2. Less than half of the reversions of the lots binding on 13th street and the rents issuing thereout were conveyed to the purchasers without the reservation of the bed of 13th street. In the conveyance of the remaining reversions and rents, the reservation was expressly made. This fact is relied on as constituting evidence of the abandonment by the Hooper Company of the reverter and therefore of dedication. To me, it seems merely to amount to a conveyance to the purchasers of whatever interest the Hooper Company may have retained in the portions of the bed of the street affected.

3. The evidence shows that after Annexation the City furnished regularly water, lighting, street cleaning and police service upon 13th street. These acts would constitute some evidence of acceptance by the City had a dedication been shown. In the absence of a dedication, they can be regarded either as permissive, in which event their mere continuance, no matter how long continued could not ripen into a dedication by the owner of the reverter; or as hostile in which event to raise a presumption of intent to dedicate or a prescriptive right in the public, they must have continued for at least twenty years.

Canton Company vs. Baltimore, 104 Md. 582. This is not a case of physically laying out a street and permitting the public to use it, without more, in which event a presumption of intention to dedicate may arise. In this case, by the express language of the conveyance of the lots binding on the streets, the intention to dedicate is disclaimed and denied.

This case is readily distinguishable from Canton Co. vs. Seal, supra, where Streeper street within the old City limits, was held to have been dedicated for the following reasons:

1. Chapter 582 of the Acts of 1908 worked a dedication of that street. It does not apply to 13th street.

2. The Canton Company, the owner of the bed of Streeper street, was a party defendant in the former case and its whole attitude in the case involved the conclusion that it had abandoned all its rights, including the reservation from dedication. In this case, the owners of the bed of 13th street are not parties and have assumed no such attitude.

3. The Court found as a fact that the Canton Company had for a long time exercised no rights over Streeper street, but had abandoned them. (144 Md. at p. 178). There is no evidence

to support such a conclusion in this case.

For these reasons, I hold that there is no legally sufficient evidence of any dedication of 13th street and shall grant the City's 1st prayer for an instructed verdict.