# SUPERIOR COURT OF BALTIMORE CITY.

Filed June 2, 1925.

MAYOR AND CITY COUNCIL OF BALTIMORE, A MUNICIPAL CORPORATION,

VS.

BALTIMORE AND OHIO RAILROAD COMPANY, A BODY CORPORATE.

C. C. Wallace, Assistant City Solicitor, for Mayor and City Council of Baltimore.

Daniel Willard, Jr., G. D. Penniman, W. D. McMillan and D. K. E. Bruce for Baltimore and Ohio Railroad Company.

STEIN, J.—

This is a suit by the City against the Baltimore and Ohio Railroad Company to recover a yearly franchise tax of $544.48 for the years 1922, 1923 and 1924 due under Ordinance No. 338 of the Mayor and City Council of Baltimore, approved May 4, 1918, authorizing the Railroad to lay in the bed of Wicomico street, between Elk and Gunpowder, five spur tracks from its main track to the Bartlett Hayward property fronting on the north side of Wicomico street.

These spur tracks were intended for quick delivery of freight from the railroad to the Bartlett Hayward Company's yards, so as not to delay the war work it was doing when the ordinance was passed.

The Railroad laid three of the five tracks authorized; paid the franchise tax named in the ordinance due up to and including the year 1921, and thereafter refused to make further payments, then denied all liability under the ordinance because the bed of Wicomico street between Elk and Gunpowder was and is a private street and as the ordinance could not authorize the laying of the five tracks over private property the grant was void and there was no consideration for the franchise atempted to be granted by the ordinance.

The Railroad took this position after the Bartlett Hayward Company, (to which the Railroad looked for reimbursement), which claims to own that part of the bed of Wicomico street on which the tracks were laid, declined to repay the Railroad the tax paid.

In addition to the above defense of want of consideration, the Railroad also defends, because when the ordinance was passed, its officers and those of the City were of the opinion that Wicomico street between the points named was a public highway; and as this street was not a public highway, the Railroad claims against the City by way of set off, and as affirmative relief repayment of the taxes it has paid under the ordinance.

As the defense concedes, that if when the ordinance was passed the street between the points named was a public highway, I have examined the testimony, so as to determine whether it supports such contention; without thereby intending to hold that if a private street the tax could not be collected.

From the testimony I find as a fact; that when the ordinance was passed, Wicomico street between Elk and Gunpowder was and for a long time prior thereto had been a public highway.

The City Charter of 1915, Section 840-A, page 504, provides "that every private street, lane, alley or way in the City of Baltimore which shall be hereafter laid out and opened, and which for a period of one year shall connect with, open into, or lead to or from any public street, lane, alley or way of said city, and passages between which said private street, lane, alley or way and said public street, lane, alley or way shall not be barred or obstructed by a wall, fence or similar structure erected along the dividing line between them, either without a gate or gates thereon or with a gate or gates, which shall be kept closed at all times, except when in actual use, shall be conclusively presumed to be dedicated by the owner or owners thereof to public use as a public highway."

Under the terms of this Section, that part of the bed of Wicomico street named in the ordinance if not a public highway when the ordinance was passed became such within one year thereafter. This Section was passed upon and approved by the Court of Appeals in Canton Company vs. Seal, 144 Md. at 178.

Coming now to the oral testimony: That of Mr. Jira, shows that Wicomico street was part of a large tract of land patented under the name of Mt. Clare; in a partition of which among the Carroll heirs Wicomico street and other streets were laid out through the tract; the allottees taking title to the center of the streets.

Other oral testimony shows that, the city police patrolled this as well as the other part of Wicomico street; that the public uses it for hauling to and fro from a factory to the south on Wicomico street, near Warner; the City laid a water main under its bed; that the

fence lines of both sides of Wicomico street between Elk and Gunpowder are on a line with the line of the improvements on that part of Wicomico street northeast thereof, which part is conceded to be a public highway; and that the City Surveyor established the grade of Wicomico street between Elk and Gunpowder.

The Railroad questioned this testimony of the City Surveyor, as either irrelevant or without persuasive force.

The City Surveyor is an elective constitutional official, (Constitution, Sec. 2, Art. VII), his duties are prescribed by law; Chapter 34, Acts of 1904, Sec. 833-A, City Charter, 1915, sets out one of his duties thus:

"Whenever the establishment of the grade of any street or alley or part thereof in the City of Baltimore shall become necessary, *it shall be the duty of the City Surveyor of Baltimore City* (to establish it)."

A jury could readily draw the inference from the testimony in the record that when the City Surveyor established the grade, as set out in the testimony, Wicomico street between Elk and Gunpowder was a street of the City of Baltimore and not a private street of Bartlett Hayward & Company.

The oral testimony also shows, that the public uses of the street above set out, have continued for such a number of years, that under the doctrine laid down in Canton Co. vs. The City, 104 Md. 582, approved in Canton Co. vs. Seal, 144 Md. at 178 and 179; such public use justified the inference, first, of dedication by a former owner; then of an acceptance by the City. I made such inference; and found as a fact, that under Sec. 840-A (supra), and from the above oral testimony, also found that when Ordinance No. 338 was approved, to wit, on May 4, 1918, Wicomico street between Elk and Gunpowder was then and for a long time prior thereto had been a public highway.

In so finding I disregarded Building Permit No. 63, because even if properly proven relevant testimony, is without persuasive force; being a permit for a temporary building, to be removed at the end of one year from the end of the war.

I also find as a fact that the record does not contain testimony persuasive enough to enable the Court sitting as a jury either to infer or to find that when Ordinance No. 338 was approved, either the city officials or the railroad officials had a mistaken or wrong opinion or belief as to the status of Wicomico street between the streets named.

The verdict is for the plaintiff against the defendant for $1,821.29; and on the plea of set off is against the defendant and in favor of the plaintiff.

(Exceptions noted to all adverse rulings.)