## CITIZENS SAVINGS BANK *v.* GEORGIA C. COVINGTON

[No. 21, April Term, 1938.]

■■■■■■■■■

■■■■■■■■

■■■■■■■■■■

*Decided June 14th, 1938.*

■■■■■■■■■■

■■■■■■■■■■

■■■■■  ■■■

The cause was argued before URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Wendell D. Allen,* with whom were *Alexander Gordon, III,* and *Armstrong, Machen & Allen,* on the brief, for the appellant.

*L. Wethered Barroll,* with whom were *S. Robert Levinson, Joseph Leiter,* and *W. Albert Menchine,* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

The Citizens Savings Bank building is located at the southwest corner of Baltimore and Eutaw Streets in Baltimore. In the sidewalk on Eutaw Street there is a sheet-iron door, which affords access to the cellar under the building. It is flush with the surface of the sidewalk, and is raised by an iron handle in the shape of an inverted U which is designed so as to fall of its own weight into place. On June 8, 1935, about eleven o'clock at night, the plaintiff, Georgia C. Covington, when walking south on Eutaw Street, stepped on the cellar door, where she fell, sustaining injuries which disabled her for some time. As she described the accident, " * * * my foot caught into something sticking up and it just pushed me ahead; I just fell. I looked around and felt there was a handle right up in the street. * * * It was attached to this trap door * * * it was in an up position. * * * Of course, after I fell I knew my foot had caught into something sticking up, when I felt that I don't know anything else, I could have tripped over." She did not see the

handle; she " * * * was looking straight ahead." The charge in the declaration was " * * * that the said covering was negligently maintained by the defendant and was in a dangerous condition and unsafe and dangerous to pedestrians walking on said pavement, and that said dangerous condition was well known to said defendant but the same was not known to the plaintiff." The evidence of the defendant was that the door had been opened but once in 1935—that was in September—and there was no evidence to the contrary. A photographer, whose photograph of the door, with the handle up, was offered in evidence, said: "At the time I went to make the photograph the handle was flattened down with the cellar door, but when I lifted it, that it remained in that position that I placed it because there seemed to be a little rust on it; that is what kept it up. That is my opinion."

The photograph in the record, which was in evidence before the jury, shows that the handle, when lifted and slightly tilted, may be made a trap in which a pedestrian's foot may be caught, and thus a structural condition may exist for which the abutting property owner may be held to be liable as being negligent.

From this evidence, which is all there is of the accident and conditions there existing, the inference is that some meddler raised the handle and left it in such position as to make it dangerous to pedestrians. Under these circumstances the question is whether there is sufficient evidence of the Citizens Savings Bank's responsibility for the case to go to the jury.

The rule of the liability of an individual with respect to defects in a street, as stated in *Cooley on Torts* (4th Ed.) sec. 452, is: "If an individual, whether the adjoining owner or not, and whether the fee in the public way is in himself or in the public, does any act which renders the use of the street hazardous or less secure than it was left by the proper public authorities—as by excavations made in the sidewalks, or by unsafe hatchways left therein, or by opening or leaving open areaways in the traveled way, or by undermining the street or sidewalk —he commits a nuisance, and he is liable to any person

who, while exercising due care, is injured in consequence. If, however, he has the consent of the proper public authorities, and what he does is consistent with the customary use of the way for private purposes—as where he is making connection with a public sewer or with a gas main—and he observes a degree of care proportioned to the danger, and is consequently chargeable with no fault, he cannot be held responsible for accidental injuries, inasmuch as in such case he has failed in the observance of no duty. In the absence of a statute or ordinance changing the rule, an abutting owner is not liable for injuries resulting from his failure to repair a defect in a sidewalk which he had not caused. *Canton Co. v. Seal,* 144 Md. 174, 125 A. 63. The question in all such cases is one of due and proper care."

There is no question of the right of the defendant to maintain the sidewalk entrance to its cellar, but such a right never becomes prescriptive ( *Minor Privilege Cases,* 131 Md. 600, 619, 102 A. 1014), and the duty to keep it in condition reasonably safe for pedestrians is continuous, regardless of the question of notice. This is the difference between the public and private liability, where the property owner enjoys privileges appurtenant to his property. To hold the public liable it must have had notice, actual or constructive, while in both instances all that is required of the plaintiff is due and ordinary care to avoid injury. *Annapolis v. Stallings,* 125 Md. 343, 93 A. 974; *Baltimore County v. Collins,* 158 Md. 335, 148 A. 242; *Baltimore v. Grossfeld,* 173 Md. 197, 195 A. 554; *McFarlane v. Niagara Falls,* 247 N. Y. 340, 160 N. E. 391; *Keating v. Boston,* 206 Mass. 327, 92 N. E. 431.

Although our attention has not been directed to, nor have we found, a case exactly like the instant case, the same rule would apply as to coal holes and area-ways in side-walks, as to which there have been numerous cases. See note 19 *Ann. Cas.* 466. *Irwin v. Sprigg,* 6 Gill 200, was a case where the plaintiff recovered for injuries due to falling into an unprotected areaway extending a foot on the sidewalk to admit light through a basement

window. This court, quoting with approval Lord Ellen-borough in *Battenfield v. Forrester*, 11 East 61, said: "Two things must concur to support this action: an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid on the part of the plaintiff", and quoting from the same judge, in *Coupland v. Hardingham*, 3 Campbell's Rep. 395, where the defense was that the premises had been in the same condition many years before the defendants' possession: "* * * however long the premises might have been in this situation, as soon as the defendant took possession of them, he was bound to guard against the danger to which the public had been before exposed, and he was liable for the consequences of having neglected to do so, in the same manner as if he himself had originated the nuisance. The area belongs to the house, and it is a duty which the law casts upon the occupier of the house to render it secure".

In *Flynn v. Canton Co.*, 40 Md. 312, which was a suit to recover from the appellee for injuries sustained from falling on the ice on the street in front of defendant's premises, this court, although holding the defendant not liable, said: "In so determining we recognize the well settled principle that whenever a party causes, constructs or creates a nuisance or obstruction in a public street or highway, he is responsible in damages to any one who has received special injury in consequence thereof."

The case of *Cordish v. Bloom*, 138 Md. 81, 113 A. 578, was a cellar-door accident, in which a recovery against both the abutting owner and the city was upheld. The cellar entrance had been renewed and replaced at the joint cost of the owner and the city, and thereby both became and were held liable for the alleged dangerous condition resulting in injury to the plaintiff.

There is no question here of the right of the defendant to maintain a cellar-door in the sidewalk, but it is a privilege to be enjoyed without danger of injury to pedestrians, who are only required to use ordinary care in their use of the street. The owner is not required, in

order to impose liability, that he should know of the misplaced handle, used in the raising or lowering of the door. If the device was so constructed or left in such condition that it may be disturbed by the mischievous or malicious, then the negligence is imputable to the owner. *Calder v. Smalley,* 66 Iowa 219, 23 N. W. 638.

We, therefore, are of the opinion that the trial court properly refused to take the case from the jury for want of legally sufficient evidence of the defendant's negligence or failure of duty. The defendant's demurrer prayer might have been refused because too general, as well as for the reasons given by us. *Rent-A-Car Co. v. Globe & Rutgers Fire Ins. Co.,* 161 Md. 249, 265, 156 A. 847; 2 *Carter's Digest,* 1276, 1277.

The defendant offered a prayer (its fourth) which was refused—and properly—whereby it sought an instruction that even if the jury found the existence of the conditions testified to by the plaintiff, "* * * nevertheless if the jury shall find that the act of some other person, without any concurrence on the part of the defendant, its agents and employees, caused said handle so to protrude, if the jury so find, and if the jury find that the fact that said handle so protruded was unknown to the defendant, its agents and employees, and that * * * they * * *, exercised reasonable care and prudence in inspecting said cellar-door at reasonable intervals of time, then the verdict of the jury shall be for the defendant." With respect to such an instruction, what was said of a hatchway in a sidewalk in *Churchill v. Holt,* 127 Mass., 165, applies here, and that is: "* * * It was their duty, as between themselves and the public, to keep the hatchway in such proper and safe condition that travelers on the street would not be injured. If they neglected this duty, they would be liable, although the unsafe condition was caused by a stranger, and although they did not know it." *Jennings v. Van Schaick,* 108 N. Y. 530, 15 N. E. 424; *Barry v. Terkildsen,* 72 Cal. 254, 13 P. 657; 13 *R. C. L.* 439. It is a risk the abutting property owner runs for the enjoyment of such a privilege.

The defendant also offered a prayer for an instructed verdict on the ground of the plaintiff's contributory negligence. There was no evidence to warrant such an instruction, and it was—as it should have been—refused.

*Judgment affirmed, with costs.*