SHAFER vs. SMITH.—June, 1826.

Trespass Q. C. F. for breaking the plaintiff's close, and erecting thereon a wall, by which the plaintiff was prevented from using the water in her well. The facts were, that the well did not belong to the plaintiff, but to the defendant, and was on the land of the latter, but that the plaintiff had a right to use the water in it.—*Held*, that the action could not be

sustained, but that the plaintiff's remedy for being deprived the use of the water was *an action on the case.*

In an action of trespass, the circumstances which accompany and give character to the trespass, may be given in evidence to increase the damages.

And in an action of trespass to the person of the plaintiff, other trespasses to his person, or to that of his wife, children or servants, if committed at the time of the principal trespass, (being laid in the declaration,) may for like purpose be given in evidence; as may also the defendant's conduct and language at the same time as proving his malice. But in no case can damages be recovered in one action for an independent substantive injury for which another form of action is prescribed.

The declaration alleging the well to be the plaintiff's, and the evidence shewing it to be the defendant's, the variance was held to be fatal.

APPEAL from *Frederick* County Court from a judgment rendered in favour of the plaintiff in that court, (the now appellee.)

The case, a statement of which is given in the opinion delivered by this court, was argued before EARLE, MARTIN, STEPHEN, ARCHER, and DORSEY, J.

*Palmer,* for the Appellant. 1. To shew that the action could not be sustained, he cited 3 *Starkie's Evid.* 139, 150. 1 *Chitty's Plead.* 142. 2 *Chitty's Plead.* 300 to 304. 2. Where there is a substantive change in the declaration, evidence cannot be given to enhance the damages. *Bracegirdle vs. Orford,* 2 *Maule & Selw.* 77. *Bull. N. P.* 88, 89. *Russell vs. Corne, Holt's Rep.* 699. *Newman vs. Smith,* 2 *Salk.* 652. 3 *Starkie's Evid.* 1451, 1452.

No Counsel appeared for the Appellee.

MARTIN, J. delivered the opinion of the court. This was an action of trespass for breaking the close of the plaintiff, (the appellee,) and erecting thereon a wall, by which she was prevented from using the water in *her* well. The defendant pleaded not guilty, and at the trial offered evidence, to prove the well did not belong to the plaintiff; that it was on the land of the defendant, and her property, and that the plaintiff had only a right to use the water in it; and upon this evidence moved the court to instruct the jury, that if they believed the well was the property of the defendant, the plaintiff could not in this action recover damages for being deprived of the use

of the water, although she had a right to take water from that well. This direction the court below refused to give.

If the judgment of the court below be sustained in this case, it would enable a party to recover damages, not only in opposition to the case as stated in the declaration, but also for an injury done to an incorporeal right, in an action of trespass *quare clausum fregit.*

The questions presented to the court by this statement, do not require an examination of those cases, where matter is introduced into the declaration in aggravation of the damages for the trespass committed. The objection was not that the testimony was improper to increase the damages, but that the jury could not assess damages for this independent injury.

There can be no doubt the plaintiff may give in evidence, to increase the damages, the circumstances which accompany and give character to the trespass; and it appears now to be settled law, that other *trespasses* to the person of the plaintiff, his wife, children or servants, if committed at the time of the principal trespass, (being laid in the declaration,) may be given in aggravation of damages. So also the conduct and language of the defendant, at the time the trespass was committed, as evidence of his malice. But in all those cases the evidence was received to increase the damage of the principal trespass; and it is believed no case can be found, where the court, in an action of trespass, has directed damages to be given for an independent substantive injury, requiring a different form of action. If the property of the well in this case was in the defendant, and the plaintiff had the right to use the water in it, it was an incorporeal right, and if she was deprived of that right, she could obtain redress *only* in an action on the case. To permit a plaintiff to complain of this injury, and recover damages for it, in an action of trespass *quare clausum fregit*, would be to confound all the forms of actions, which on principles of law have heretofore been kept separate and distinct.

The declaration states this to be the well of the plaintiff; the evidence proves it to belong to the defendant—this is a fatal variance. The *allegata* and *probata* do not agree. The plaintiff, on an allegation that she was prevented from using the water in her *own* well, could not sustain the action by evi-

dence, that she had a right to use the water in the well of *another* person.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.