ARTHUR PUE
vs.                }  SEPTEMBER TERM, 1848.
HENRY H. PUE.

---

[RIGHT OF WAY—PRESCRIPTION—PRACTICE IN CHANCERY—EVIDENCE.]

---

A PRIVATE right of way over the lands of another must be founded either on grant or by prescription which supposes a grant.

A user of a right of way for twenty years, exercised adversely and without any thing to qualify it, will afford sufficent ground for the presumption of a grant.

But if the enjoyment can be referred to the leave or favor of the party over whose lands the right of way is claimed, or can be placed upon any other footing than a claim or assertion of right, it will repel the presumption of a grant.

A right of way once established by prescription or by grant, cannot be extinguished by a parol agreement.

But where an attempt is made to make out a title by prescription founded upon an adverse and uninterrupted user for a series of years, it is competent

to the defendant to prove by parol that the user was the result of his leave and favor, and not of a claim of right in the other party.

The fact that complainant has parted with his title to the land since the filing of the answer, cannot be brought forward by the defendant by a supplemental answer ; the proper mode is to file a bill in the nature of a supplemental bill, which is in the nature of a plea, *puis darrien continuance*, at common law.

———

[The bill in this case was filed to obtain an injunction restraining the defendant from closing a road over his lands, in which the complainant claimed a private right of way. The allegations of the bill and answer, and the substance of the evidence taken, are fully stated in the opinion of the Chancellor, delivered upon the hearing of the motion to dissolve. The defendant filed a supplemental answer, charging that since the filing of his original answer, the complainant had conveyed by deed all his right and title to the land mentioned in his bill, to a third party, whereby he had divested himself of all right to the privilege secured by the injunction. This answer, the Chancellor, for the reasons assigned in his opinion, ordered to be rejected and taken off the file.]

———

The Chancellor :

The bill in this case claims a private right of way over the lands of the defendant, which must be founded either on grant, or by prescription, which supposes a grant. No actual grant has been shown, or is alleged in the bill, and therefore, if the complainant is entitled to a continuance of the injunction which issued to restrain the defendant from closing up the road, and from interfering with the complainant in the use of it, he must establish his title by prescription.

A user for twenty years exercised adversely and without any thing to qualify it, will afford sufficient ground for the presumption of a grant, but if the enjoyment can be referred to the leave or favor of the party over whose lands the right of way is claimed, or can be placed upon any other footing than a claim or assertion of right, it will repel the presumption of a grant. *Wright* vs. *Freeman*, 5 *H. & J.*, 467; *Woolrych on Ways*, 19.

The bill, in this case, alleges that the complainant, and those

under whom he claims, have, together, for greatly over twenty years, and for probably one hundred years or more, had the full, uninterrupted and complete use and enjoyment of a road from their farm over a parcel of land now occupied and owned by the defendant. This averment the answer explicitly denies, and affirms that no such right of way was ever had or claimed, and that the parties using the said road only had the permission of the owners of the farm now held and owned by the defendant, who have always kept up gates thereupon, and that he, the defendant, put up bars to keep in his stock, with the knowledge, and without any objection on the part of his father, under whom the complainant claims. That the father never claimed and exercised an adverse right of way, but that he at all times admitted the defendant's right to close up said road, and merely obtained his permission to use it during his lifetime.

This answer having removed the ground upon which the equity of the bill rested, an order was obtained to take depositions under the act of Assembly, and several depositions have been taken.

Some of the witnesses certainly do prove a user of the road in question for a period exceeding twenty years, and if the case rested upon their evidence alone, the requisite foundation would be laid for the presumption of a grant, and the plaintiff would be entitled to be protected in the enjoyment of the road.

But the denials of the answer in regard to the use of this road as a matter of right, and its assertion that its enjoyment was the result of the leave or favor of this defendant, granted to those under whom the plaintiff claims, is clearly and unequivocally corroborated by one witness, whose situation, with reference to the property and relations to the parties gave him peculiar means of obtaining correct information upon the subject. It is most manifest from the testimony of Charles H. Pue, who is the brother of the parties, that their father, under whom the complainant claims, did not pretend to a right to use this road adversely, but, on the contrary, that he fully recognized the authority of the defendant to shut it up if he chose

to do so. Assuming the truth of the evidence of this witness, and there is not the slightest ground to doubt the entire accuracy of his statement, and the idea of an adverse enjoyment of the right of way for twenty years, upon which the presumption of the grant must be founded, is entirely dispelled.

The testimony of the other witnesses, who speak of the use of the road for twenty years and more by those who have held the farm owned by the complainant, does not at all conflict with the proof of Mr. Charles H. Pue. There is, and can be, no doubt that the road has been so used, and so far as the witnesses have deposed, who were examined on the part of the complainant, this user was not qualified by any circumstance which would interfere with the presumption of a grant which the complainant seeks to establish; and if the case rested upon their evidence alone, I do not very well see how the presumption could be resisted. But it certainly, by no means, follows, because these witnesses are aware of no fact or circumstance showing the use of the road to have proceeded from the leave or favor of the defendant, that therefore no such fact or circumstance exists, or that because they never heard the father of the complainant say that the defendant had the right to close up the road, if he thought fit to do so, that therefore, he made no such declaration. That he did make such a declaration there is, and can be, no reason to doubt. And the conviction of the court upon this subject, by no means involves the slightest imputation upon the veracity of the other witnesses, who simply speak of the use of the road, for such use is quite compatible with the declarations referred to.

Here, then, is a case in which the complainant's title to the interposition of this court, by injunction, rests upon the presumption of the grant of a right of way, and that presumption, according to the authorities, can only be made from a user for twenty years, exercised adversely and without anything to qualify it. Such a case is made by the bill, but this the answer denies, and this denial is supported by a witness whose situation gave him peculiar means of knowing the views of the parties, and who stands before the court above all suspicion.

In opposition to the answer and this witness, the complainant has examined several gentlemen of the highest respectability, and although their testimony, if standing alone, might be sufficient to make out his case, it seems to me impossible to give it that effect when it is encountered by evidence with which it is perfectly compatible, but which must conduct the mind to an entirely different conclusion.

The counsel for the complainant has insisted that the evidence of Mr. Charles H. Pue, which merely speaks of conversations between the father of the complainant and the defendant, is not sufficient to extinguish the right of way, because such right cannot be extinguished by parol, and refers to the case in 5 *H. & J.*, 467, and other authorities, to sustain the position.

It is very true, that a right of way once established by prescription, (which presupposes a grant,) or by a grant, cannot be extinguished by a parol agreement, but this, by no means, proves that when an attempt is made to make out a title by prescription, founded upon an adverse and uninterrupted user for a series of years, that it is not competent to the defendant to prove by parol that the user was the result of his leave and favor, and not of a claim of right in the other party. I am, therefore, of opinion, that the injunction must be dissolved.

With regard to the fact which is said to have arisen since the filing of the original answer, and which the defendant seeks to bring forward by a supplemental answer, the authorities seem to show that it cannot be brought forward in that way. The proper mode in such cases is to file a bill in the nature of a supplemental bill, which seems to be a bill in the nature of a plea, *puis darrien continuance*, at the common law. *Story's Eq. Pl. sec.* 903; *Taylor* vs. *Titus*, 2 *Edw. Ch. Rep.*, 135; 2 *Daniell's Ch. Pr.*, 914, and note.

E. HAMMOND, for Complainant.

J. T. B. DORSEY, for the Defendant.