(Decided November 16th, 1898.)

---

# MARGARET J. WATERS, By Her Next Friend Etc. *vs.* GEORGE FENTON SNOUFFER.

*Right of Way—Adverse Possession—Evidence.*

When one party uses a road over another's land whenever he sees fit without asking leave, that does not constitute an adverse use, but such use in order to create a right of way must be continuous, exclusive and uninterrupted for a period of twenty years.

Where the question is as to the existence of a private right of way by an adverse user, a witness may be asked as to the convenience of using the way in question in going to certain places.

Appeal from the Circuit Court for Montgomery County (LYNCH and HENDERSON, JJ.)

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE, ROBERTS, BOYD and PEARCE, JJ.

*W. Veirs Bouic* and *Thomas Anderson,* for the appellant.

*Edward C. Peter* and *James Alby Henderson,* (with whom was *Charles M. Jones* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action of trespass *quare clausum fregit.* The defendant claims a private right of way over the plaintiff's land, and his defence rests upon the validity of this claim—which in turn rests upon the alleged exclusive, adverse and uninterrupted user of said way for the period of twenty years or longer by the defendant and those under whom he claims. The verdict was in favor of the defendant, and this is the plaintiff's appeal.

Three exceptions appear upon the record, but no serious contention was made except in reference to the third which is based upon the rulings on the prayers. The first exception was abandoned.

The defendant's counsel upon cross-examination asked the witness, Geo. T. Waters, if it was nearer in going from defendant's farm to Laytonsville to use the Merriweather road or the road in controversy, to which question the plaintiff objected and his objection being overruled, the witness stated it was several hundred yards nearer to use the road in controversy. This ruling of the Court constitutes the *second exception.* In his examination in chief the witness had given certain testimony tending to show the relative convenience of certain other roads in getting to and from neighboring villages, and it seems to us it was competent on cross-

examination to ask the witness if it was not more convenient or nearer to go by the road in question to one of the places named than to go there by one of the other roads. But whether the testimony was in or out it would seem quite immaterial, nor do we see how its admission could in any way injuriously affect the plaintiff' case.

The third exception was taken to the rejection of the plaintiff's third and the granting of the defendant's first and second prayers.

There was no serious contention that there was any error in the rejection of plaintiff's third prayer by which the Court was asked to instruct the jury that there was no legally sufficient evidence in the case to establish a right of way by adverse use or prescription. An examination of the record will show that witness after witness testified to such a use of the road by defendant and those under whom he claims.

Nor do we see any valid objection to defendant's first prayer by which the jury were instructed that if they find from the evidence that the defendant and those under whom he claims have used the road . . . for the period of twenty years or longer exclusively, adversely and uninterruptedly, their verdict must be for the defendant. But the second prayer of the defendant we think should not have been granted. By it the jury were instructed that if the defendant, etc. used the way over the plaintiff's land whenever they saw fit, and without asking leave of the owners of the land over which said way passes, such use would constitute an adverse use of said way. No claim of right to the use of the road can be based upon a mere adverse use whenever one sees fit, unless such use is continuous, exclusive and uninterrupted for a period of twenty years. The omission of this last named condition from the prayer is, we think, a fatal defect.

The question raised in regard to the effect of the plaintiff's coverture, not having been passed upon by the Court below so far as the record shows, is not properly before us and will not therefore be considered.

By reason of the error in granting defendant's second prayer, the judgment appealed from must be reversed.

*Reversed and new trial awarded.*

(Decided ·November 16th, 1898.)