# JOHN R. MULLIKIN

*vs.*

# MADIE T. HUGHLETT.

*Res Adjudicata—Title to Land—Equity Jurisdiction—Injunction Pending Determination at Law.*

The results of actions at law, brought by defendant against plaintiff's tenants, in which the question of possession of the land in controversy was the material issue, were not decisive as to the title to the land as between plaintiff and defendant.

p. 542

Conflicting claims to the title to land are not a proper subject of adjudication in an equity proceeding. p. 542

An injunction should not be granted or continued to protect a disputed legal right pending its adjudication in a court of law, unless serious injury would result from the act sought to be restrained. p. 543

An injunction restraining the defendant and his agents, servants, employees, and licensees from going upon or using any part of the property described in the bill of complaint, and from instituting any suit or action at law or in equity against the plaintiff, her servants, agents, employees, and licensees for trespass upon said property, though permitting defendant to bring an appropriate action against the plaintiff to have the property adjudicated, *held* improperly continued in force, there being no conditions requiring such continuance of the injunction pending the determination of the title at law. pp. 542, 543

*Decided January 18th, 1923.*

Appeal from the Circuit Court for Talbot County (WICKES, J.).

Bill by Madie T. Hughlett against John R. Mullikin. From an order granted in accordance with the prayer of the bill, defendant appeals. Reversed.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Adkins, and Offutt, JJ.

*J. C. Mullikin* and *A. L. Tharp,* for the appellant.

*Joseph B. Seth* and *W. Mason Shehan,* for the appellee.

Urner, J., delivered the opinion of the Court.

The effect of the order from which this appeal has been taken was to continue in force a preliminary injunction, subject to the future order of the court and to the provision that it should not prevent the defendant from instituting a proper suit against the plaintiff to determine the title to the property involved in this proceeding. As originally granted, the injunction restrained the defendant and his agents, servants, employees and licensees "from going upon or using any part" of the property described in the bill of complaint, and "from instituting any suit or action either at law or in equity," against the plaintiff, "her servants, agents, employees and licensees for damages for trespass upon said property of any kind or character." This prohibition was modified by the order appealed from only to the extent that the defendant is permitted to bring an appropriate action against the plaintiff for the purpose of having the title to the property adjudicated.

The decision to be reviewed was rendered after final hearing on bill, answer and evidence. It was alleged in the bill that the plaintiff is the owner of a tract of land, known as "Crosiadore," on the north side of the Choptank River in Talbot County; that the defendant "has been vexatiously pretending to have title to a portion of said property," known as "Dickinson's Marsh," and "has been interfering with" the plaintiff's tenants "by demanding rent of them and doing other acts and making other statements and throwing a cloud of suspicion upon her title"; that the defendant brought a suit against one of the plaintiff's tenants for trespass upon the land in question, and the trial of the case in the Circuit

Court for Talbot County resulted in a decision in favor of the plaintiff's tenant, who had gone upon the land under a claim of right in that capacity; and that two similar suits against another person brought by the defendant were dismissed by him when they were called for trial. It is admitted by the bill that the defendant claims title to Dickinson's Marsh by virtue of a patent from the State of Maryland issued in the year 1916, but the validity of the patent is disputed. The bill avers that the plaintiff is greatly annoyed and subjected to expense and trouble by the necessity of defending her tenants, servants and employees against suits brought by the defendant, and is without remedy to prevent "such multiplicity of suits" except by resort to a court of equity, and that, being herself possessed of the land, she cannot bring an action of ejectment against the defendant, and that she cannot sue him in trespass because he avoids any personal entry on the property but licenses others to disturb her possession. With the bill were filed copies of certain instruments upon which the plaintiff's claim of title is based.

The answer of the defendant denied that he had ever claimed title to any part of the plaintiff's land, and asserted that the suits by the defendant to which the bill refers were brought for trespasses on a tract of land known as "Duck Island" which is not and never was a part of the plaintiff's tract called "Crosiadore," but is the property of the defendant acquired by deed conveying a title derived under a patent from the State. The allegation in the bill as to possession by the plaintiff, and her predecessors in title, of the land claimed by the defendant was explicitly denied by the answer, as was also the averment that the plaintiff was not in a position to bring an action of ejectment or trespass against the defendant in order to have the question as to the title determined.

The only evidence introduced in the case consisted of the records of three suits by the present defendant, against persons other than the present plaintiff, for trespasses alleged

to have been committed on a tract of land designated in the declarations as "Duck Island." The land to which this name is applied appears to be the same as that mentioned in the bill of complaint as "Dickinson's Marsh."

The court below rightly concluded that the results of the actions at law, to the proof of which the evidence in the record is directed, and in which the question of possession appeared to be the material issue, were not decisive as to the title to the land in controversy, as between the parties to this suit, and that the conflicting claims to the title are not a proper subject of adjudication in an equity proceeding, as decided in *Whalen* v. *Delashmutt,* 59 Md. 252; *Howard* v. *West. Md. Ry. Co.,* 138 Md. 46; and other cases. Consequently no decision was rendered as to the existence of the right which it was the purpose of the suit to protect. But the opinion and order proceeded upon the further theory that the plaintiff was entitled to have the defendant restrained from entering upon the land in dispute and from asserting his title in any way except by a suit against the plaintiff in ejectment or trespass. To that extent we are unable to agree with the circuit court's conclusions. There are no conditions here which, in our judgment, require the continuance of the injunction pending the determination of the contest as to the title in an action at law. Both parties rely upon titles of record, and the possession of each is denied. The question of title is undetermined, and upon the question of possession no evidence was offered. The material allegations of the bill of complaint were contradicted by the answer, and there is no proof of any facts which would make it equitably necessary to prohibit the defendant from going upon the land, or from suing the plaintiff's tenants or licensees for interference with his alleged rights, unless and until he brings a successful action at law against the plaintiff herself, as the order in effect provides. There appears to be no sufficient reason why the defendant rather than the plaintiff should be charged with the duty of instituting the action upon the result of

which the final disposition of the injunction suit was intended
to be contingent. In the case of *Clayton* v. *Shoemaker,* 67
Md. 216, to which the opinion of the court below refers upon
this point, the direction was that the title upon which the
right asserted in the injunction suit depended should be
determined in a suit at law to be instituted by the plaintiff
who was seeking the equitable relief. It is a settled rule of
equity that an injunction should not be granted or continued
to protect a disputed legal right pending its adjudication in
a court of law, unless serious injury would result from the
act sought to be restrained. *Bernei* v. *Sappington,* 102 Md.
185; *Gulick* v. *Fisher,* 92 Md. 353; *Whalen* v. *Delashmutt,*
*supra.* The record fails to show any such ground for an in-
junction in this case. No trespass of a serious nature, upon
the land in litigation, appears to have been committed or to be
contemplated.

*Order reversed, with costs, and bill dismissed.*