PETER METAXAS ᴇᴛ ᴀʟ. *v.* EASTON PUBLISHING COMPANY.

PETER METAXAS ᴇᴛ ᴀʟ. *v.* J. R. JARRELL COMPANY.

[Nos. 85, 86, October Term, 1927.]

*Decided February 3rd, 1928.*

The causes were argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Henry Herbert Balch* and *Edward T. Miller,* with whom was *Guion Miller* on the brief, for the appellants.

*W. Mason Shehan* and *G. Elbert Marshall,* with whom were *Seth, Shehan & Marshall* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

We have here two appeals in two cases in which the principles involved are the same and the facts almost identical.

The appellees, which have adjoining buildings in Easton, filed, in the Circuit Court for Talbot County, bills for injunction to restrain the appellants from erecting a building on land contiguous to the east side of the appellees' buildings, alleging that the land upon which the building was threatened is an alley which both appellees and their predecessors in title have used for more than twenty years, in connection with their respective buildings, and that the threatened invasion of the alley would work irreparable injury to the appellees. The Easton Publishing Company also claimed title in fee under its deed to a triangular piece of land on which its

building abuts (so far as surface indications show, a part of the alley), 2.4 feet in width at the southeasterly corner, running to nothing at the northeasterly corner. The appellees alleged that if the building of the appellants were erected it would destroy the use of the alley as such, and would take away the access to the easterly end of their buildings and would deprive them of light and air.

The appellants answered, denying all the claims and pretensions of the appellees as to any rights in the alleged alley, or that it is an alley, or that the Easton Publishing Company had title in fee to the triangular parcel of land adjoining its building, or that the contemplated building would irreparably injure the appellees, and admitted that it had been the purpose of the appellants to commence the construction of the building objected to, until enjoined.

On the day fixed by the court for the taking of testimony, July 28th, 1926, the appellants withdrew their answers and filed demurrers, alleging as grounds of demurrer that the bill set up two separate and inconsistent grounds of relief; that it showed on its face that it raised a question of title; and that it did not show irreparable injury to the appellees was threatened, and for other manifest errors and inconsistencies. The demurrers were overruled, the answers were refiled, and the court proceeded with the taking of testimony as to the question of the character of use of the alleged alley by the appellants, to prove or disprove that the injury caused by the erection of the building threatened by the appellants would be irreparable; and the court thereupon passed an order continuing the injunction until dissolved by order of the court, and "further ordered that said writ of injunction shall not prohibit or restrain the defendants, Peter Metaxas, John S. Grouzes and J. Russell Summers, or any of them, from instituting and prosecuting a proper suit or action against the plaintiffs to try and determine the title to the property."

The appellees' contention is that they have an easement in the alleged alley, by reason of the threatened invasion and improvement of which they would be irreparably in-

jured. On the other hand, the appellants, Metaxas and Grouzes, contend that they have title to the alley and that the appellees have no title. The appellees applied for an injunction to restrain the appellants from proceeding with their building. The court did not grant permanent relief, but did grant temporary relief, pending the determination of the question of title, and stayed any further proceedings pending suit to be brought by the defendant against the plaintiffs, the appellants contending that, even if the court could grant the writ, it should be conditioned on the plaintiffs suing at law to test their titles.

It has long been held in this state that the writ of injunction will issue to restrain the invasion or destruction of an easement or right of way, and that, in the case of a street or alley, allegations in the bill showing that its use as such would be destroyed by the invasion are sufficient to show irreparable injury. In *White v. Flannigain,* 1 Md. 525, 546, this court said: "In the language of the authorities, it is irreparable mischief because it destroys it as a street." "The rule has been repeatedly declared that where a trespass works a destruction of the estate in the character in which the complainant was entitled to enjoy it, a proper case is presented for relief by injunction." *Oberheim v. Reeside,* 116 Md. 265, 275, and cases there cited. The bills of complaint and the testimony taken show clearly that if the strip of land is an alley, and it is so alleged, then the writ of injunction should have been issued, and the demurrers were properly overruled.

With the bills of complaint the appellees filed as exhibits their respective deeds. The Easton Publishing Company's deed was from Robert B. Dixon and others, dated March 28th, 1911, and conveys all that lot situate on the north side of Dover Street, "beginning for the same at the southeast corner of the lot of ground owned by Robert B. Dixon, improved by a two-story brick office building occupied by Robert F. Walker, and running thence with the north side of Dover Street, eastwardly thirty feet, more or less, to an alley between the lands herein described and the lands of Dr. W. S.

Kelley (the alley in controversy); thence northwardly with said alley thirty-two feet, more or less, to the lands of Charles C. Nickerson, the same being improved by a store building now in the occupancy of J. R. Jarrell and Company; thence with the said Nickerson land westward to the lands of the heirs of Elizabeth A. Lynch thirty feet, more or less; thence with the said Lynch lands and the lands of the said Robert B. Dixon thirty-two feet more or less to the place of beginning. Together with the rights, alleys," etc.

The deed to the J. R. Jarrell Company from William H. Adkins and Lillian M. Nickerson, trustees, is dated January 25th, 1926, and described the land conveyed by reference only to former conveyances.

The deed to Peter Metaxas and John S. Grouzes, filed as an exhibit to the Jarrell bill, was from James P. Elliott and others, dated January 6th, 1926, and conveyed to them as tenants in common, "that lot or parcel of ground situate, lying and being on the east side of Washington Street, in the town of Easton, Maryland, having a frontage on said Washington Street of twenty feet, more or less, adjoining on the south the property belonging to the estate of Charles C. Nickerson (formerly owned by Walter H. Thompson) and now occupied by The J. R. Jarrell Company; on the north by the property of Walter C. Hughes et al., and on the east by the property of Robert R. Walker, together with an alleyway running into Dover Street and lying between the property of said Robert R. Walker on the east and the property of the Easton Publishing Company and others on the west."

The parcel of land so described, as shown on the plat in the record, adjoins the northerly side of the Jarrell property, and the "alleyway" of Metaxas and Grouzes adjoins the easterly side of the Jarrell and Easton Publishing Company properties.

These deeds, together with the claims of title by prescription set up in the bills of complaint, do not demonstrate beyond doubt that all the rights claimed are clear and undisputed.

In *Oberheim v. Reeside, supra,* at page 274, this court said: "In suits of this nature, where relief by injunction is sought as a determinative and not as an ancillary remedy, it is, of course, essential that the right of the plaintiff to the invaded estate should be free from any reasonable doubt or dispute. When the title relied upon is controverted and it appears that there is some ground for the objection, a court of equity will not interfere except for temporary protective purposes, until the question of legal right can be decided by a court of law," and that it is only in cases where the legal title of the plaintiff is not doubtful, or to avoid a multiplicity of suits, that resort to a court of law will not be required. *White v. Flannigain, supra; Oberheim v. Reeside, supra; Greenbaum v. Harrison,* 132 Md. 34; *Howard v. Western Md. Ry. Co.,* 138 Md. 46; *Mullikin v. Hughlett,* 142 Md. 539.

It therefore appears that the final determination of the rights of the respective parties will be based largely on the merits of their respective antagonistic titles and pretensions. Inasmuch as the appellants asserted in their answer that it was their purpose to build on the alleged alley unless restrained by an order of court, the writ of injunction was properly issued, but we think the lower court erred in either expressly or impliedly requiring the defendants (appellants) to prosecute a suit at law against the appellees to test their title. The approved practice in this state is, under such circumstances, to require the plaintiffs to bring such action. *Clayton v. Shoemaker,* 67 Md. 216.

The appellees say this court has recognized, in *Mullikin v. Hughlett, supra,* the principle that there may be cases wherein the court may require the defendant to sue at law. In that case this court disapproved the order of the lower court and said: "There appears to be no sufficient reason why the defendant, rather than the plaintiff, should be charged with the duty of instituting the action upon the result of which the final disposition of the injunction suit was intended to be contingent."

The law seems to be well settled in this state and elsewhere that, for interference with or disturbance of an easement case, and not trespass or ejectment, is the proper remedy. *Shafer v. Smith,* 7 H. & J. 67; *Oberheim v. Reeside,* 116 Md. 265, 276; *Tiffany on Real Property* (2nd Ed.), 1360; *Poe, Pl. & Pr.,* 160; *Washburn on Easements* (2nd Ed.), 661; 19 *C. J.* 991. It would, therefore, appear to be the logical thing to remand this case to the Circuit Court for Talbot County to the end that the appellees there be required to sue the appellants at law for interference with the appellees' claims of a right of way or easement in the alleged alley. But the record does not show a physical invasion or interference with the appellees' alleged right of way or easement. It was only threatened, although Metaxas and Grouzes appear to have engaged a contractor to erect a building on the disputed land, and he had gone so far as to obtain a building permit from the Mayor of Easton, and the appellants stated in their answers that it had been their intention to build until restrained by injunction.

The situation would be further complicated if the appellants were required to sue at law. The deed from Elliott to Metaxas and Grouzes, in the granting clause, describes the disputed strip of land as an "alleyway," the habendum clause being "to have and to hold the said lot of ground and premises above described and mentioned, and hereby intended to be conveyed." The appellants contend that their deed conveys a fee simple title to the "alleyway," and would entitle them to maintain an action of trespass against the appellees, while the appellees contend that the "alleyway" is only an easement, and the action of the appellants against the appellees would then be on the case. It appears, therefore, that the construction of this deed would be involved in the controversy.

The Easton Publishing Company, to maintain its claims, would, assuming an actual invasion of its alleged rights in the "alleyway" of Metaxas and Grouzes, be under the necessity of instituting two suits at law, one in trespass or eject-

ment for the triangular piece of land which it claims to own in fee, and the other on the case for the invasion of its easement or right of way.

It, therefore, will appear that it may require several suits at law to afford the respective parties full and adequate relief in the premises, and while this court is averse to allowing mere questions of title to be determined under bills of injunction, it may do so when it clearly appears, as it does here, that a multiplicity of suits at law would be avoided, and that substantial loss might result from delay.

If there had been an actual invasion of the disputed land by the appellants, we would have required the appellees to sue at law.

We have not discussed the allegations of the bills of complaint to the effect that the erection of the building enjoined would deprive the appellees' buildings of light and air. If the east side of the buildings have light and air, it is because there is no obstruction there now. These cases will be decided on the evidence as to the existence or non-existence of the rights of the appellees in the disputed strip of land, regardless of light and air. They are privileges and advantages which the appellants are not required to provide for or protect. If the strip of land is an alley, the windows in the appellees' buildings will not be interfered with; it may be otherwise if it is not an alley.

The case will therefore be remanded for further proceedings, the temporary injunction to be continued pending final decrees in both cases.

> *Orders in both cases affirmed in part and reversed in part, and both cases remanded for further proceedings, with costs to the appellants.*