PETER METAXAS ᴇᴛ ᴀʟ. *v.* J. R. JARRELL CO.
[No. 76, October Term, 1932.]

*Decided February 1st, 1933.*

The cause was argued before Bond, C. J., Pattison, Urner, Offutt, Digges, Parke, and Sloan, JJ.

*Edward T. Miller,* for the appellants.

*W. Mason Shehan* and *G. Elbert Marshall,* for the appellee.

Pattison, J., delivered the opinion of the Court.

The J. R. Jarrell Company and the Easton Publishing Company, bodies corporate, owners of adjoining properties in Easton, Md., each filed a bill of complaint in August, 1926, against Peter Metaxas, John Grouzes, and J. Russell Summers, the appellants. Each of these bills alleged that the defendant J. Russell Summers, a contractor and builder, obtained for the other defendants, owners of property adjacent to the property of the J. R. Jarrell Company on the north, a building permit from the mayor and city council of Easton to erect a building on a strip of land, described in the bill as an alley, in the rear of the properties owned by the plaintiffs respectively, which led from the property of the defendants, on the north, into Dover Street, over which the plaintiffs alleged they had an easement; and by the erection of that building they would be deprived of their easement in the alley. An injunction asked for in each of the bills was granted, restraining the defendants from the erection of such building. The width of the strip of land was twelve feet, more or less, on Dover Street, and widened slightly as it went northward toward the property of the defendants.

As the principles involved were the same in both cases and the facts almost identical, it was agreed that the cases should be heard together.

Demurrers filed to the bills were overruled, and upon answer filed and evidence taken the court passed its order continuing the injunction in full force and effect until dissolved by order of that court. It was further ordered that the writ of injunction should "not prohibit or restrain the defendants * * * or any of them, from instituting and prosecuting a proper suit or action against the plaintiff * * * to

try and determine the title to the property described in said writ." This order was passed in each of the cases, and appeals were taken from these orders to this court. *Metaxas v. Easton Publishing Co.,* 154 Md. 393, 140 A. 603. This court, like the trial court, heard the cases together and each case was reversed in part and affirmed in part, and remanded, to "be decided on the evidence as to the existence or non-existence of the rights of the appellees in the disputed strip of land." Upon the remand of the cases, the record in the former case was offered in evidence. In addition thereto other testimony was taken, and at the conclusion of the case the trial court passed its order making permanent the preliminary injunction granted by it. It is from that order of the court that the appeal in this case is taken.

After the cases were remanded by this court, the counsel, before taking any testimony, discussed the question whether the two cases should be heard together as in the former trial, but it does not appear from the record that any conclusion was reached thereon. The record discloses that the evidence, taken in open court, was in the case of the J. R. Jarrell Company, though some of that evidence seems to have application only to the publishing company's case, and the court's order, passed at the conclusion of the case, would seem to relate to the case of the Jarrell Company. The order for an appeal to this court referred only to the latter company's case, and, consequently, when it reached this court, that case alone was placed upon the docket. With this explanation, we will treat the J. R. Jarrell Company's case as the only one before us at this time.

The appellee as well as the appellants offered in evidence a number of deeds to support their respective claims, but these furnish little or no aid in determining in whom the record title of this property is lodged.

The right of the appellees to use this strip of land or alley depends upon whether, by the use of it, they have acquired an easement therein by prescription. Since prescription is founded upon the supposition of a grant, the use must be adverse, under a claim of right, and not the effect of indul-

gence or of any compact short of a grant. An adverse use is such a use of the property for the statutory period of more than twenty years as the owner himself would exercise, disregarding the claims of others entirely, and asking permission from no one. When such use by the claimant is shown to have been open, visible, continuous, and unmolested, and calculated to notify the owner and those under whom he claims of the hostile invasion of his rights, for the period of time sufficient to acquire title by adverse possession, the use will be presumed to be under a claim of right, so as to place upon the owner of the servient estate, in order to avoid the acquisition of an easement by prescription, the burden of rebutting this presumption by showing that the use was permissive. 9 R. C. L. 776, sec. 36; *Barry v. Edlavitch,* 84 Md. 95, 35 A. 170; *Waters v. Snouffer,* 88 Md. 391, 41 A. 785; *Nowlin v. Whipple,* 120 Ind. 596, 22 N. E. 669; *Barber v. Bailey,* 86 Vt. 219, 84 A. 608; *Schwer v. Martin* (Ky.), 97 S. W. 12, 7 L. R. A. (N. S) 614; *Swan v. Munch,* 65 Minn. 500, 67 N. W. 1022; *Pue v. Pue,* 4 Md. Ch. 386.

The evidence shows conclusively that the land or alley in controversy has been used by the appellees and their predecessors in title for a long term of years, commencing at a time not in the memory of the oldest residents of Easton, and continuing uninterruptedly to the present day. But while this is so, we must consider the character of that use in determining whether the appellee has acquired an easement by prescription.

The property of the appellants is located on the east side of Washington Street, the principal business thoroughfare of Easton, and runs back to the strip of land or alley here involved. This alley, as we have said, starts at Dover Street, a street running at right angles with Washington Street, and extends northward in the rear of the properties of the Easton Publishing Company and the appellee, and ends at the property of the appellants. In the rear of the appellee's building are three windows with shutters opening upon the alley, and one door with steps leading therefrom to the alley. In addition thereto, there are cast iron soil pipes laid in the

alley, attached and appurtenant to appellee's building. A number of witnesses, some of whom were quite old, and had known the premises of the appellee for many years (a time much longer than the statutory period), testified that when they first knew the property, the windows and door at the rear, as well as the steps at the door, which extended some distance into the alley, were there.

The property of the appellee is now and has for many years been used and occupied as a store, and a great number of witnesses testified that for many years much of the goods and merchandise sold from the store was brought to the rear of the store through the alley from Dover Street, and taken into the store through the rear door, and many of the customers of the appellee used the alley as a short cut to and from the store. It may, we think, be properly held upon the evidence adduced that the use of the alley by the appellee and its predecessors was under the assumption that such use was the exercise of a right appurtenant to their ownership to the store property, and was not in consequence of any indulgence or permission granted them.

There were one or two witnesses offered by the appellants, who testified they had recognized the appellants as the owners of the alley by asking and obtaining from them certain minor privileges therein. But this was in no wise connected with the appellee's right to use the alley, nor was the same known to it or its predecessors in title, so far as the record discloses. But if it was, it could in no way affect the plaintiff's claim of right to use the alley. The appellee is not claiming the fee simple title to the alley, but only an easement in it, and, if the fee to the alley was in the appellants, which we do not decide, the fact that one not having an easement therein should ask for certain minor privileges in the use of it does not reffect upon the question of the appellee's right to use the alley.

It was also disclosed by the evidence that at different times there was a gate across the alley at Dover Street. The first gate was placed there many years ago. William T. Wright, a witness eighty-one years of age, testified that he,

a contractor and builder, forty or fifty years prior to the institution of this suit, was employed by Mr. Thompson, the then owner of the appellee's property, to erect a gate across the alley, which he did; and for so doing he was paid by Mr. Thompson. The gate, he said, was placed there to prevent people from going in the alley at night for improper purposes, and to prevent an increased hazard to the property by fire. He "put a lock on the gate and a hook so the people who were entitled to use the alley could use it and so it could be hooked back in the day time." In the course of time, this gate was replaced by another. The evidence as to who had the second gate put there or who paid for it, is not clear. The appellants' property was at the head of the alley and, like others owning property bordering on the alley, they were interested in protecting their property from fire; and, if they placed the gate there, there is nothing in that fact inconsistent with the claim of the plaintiff.

We fully agree with the learned trial court in the conclusion reached by it and the order or decree appealed from will be affirmed.

*Order affirmed, with costs to appellee.*