JAMES SMITH ET UX. *v.* JOSEPH F. SHIEBECK ET UX.

[No. 4, January Term, 1942.]

414

*Decided March 3, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*T. Lyde Mason, Jr.,* for the appellants.

*Israel S. Gomborov,* with whom were *A. David Gomborov* and *Edward J. Colgan, Jr.,* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

The bill of complaint of Joseph F. Shiebeck and wife alleges that they own a farm in Baltimore County; that a road, laid out partly on the land now owned by them and bounding partly on property recently acquired by James Smith and wife, defendants, has been a public road by general, unobstructed and continuous use for more than twenty years; that the defendants, claiming they own the road, have wrongfully erected a fence along its east side, thereby depriving the complainants of its use; and that, since this road is their only convenient means of access from their farm to the nearest county highway, such an obstruction would cause them irrep-

416

arable damage. The bill prays for an injunction to remove the fence and to enjoin the erection of any other barrier.

The chancellor, upon sustaining a demurrer to the bill, allowed the complainants to amend it in respect to the location of the road by inserting the words "without encroaching upon the land of the said defendants." After the phrase was inserted, the defendants demurred again. The appeal was taken from an order overruling the second demurrer.

One of the objections made by the defendants was that the complainants did not make an affidavit to the bill after the interlineation was made. It is an established rule in Maryland that *prima facie* evidence of the facts upon which a complainant's right to relief rests must be presented to the court to warrant the issuance of an injunction. This evidence may consist of the affidavit of the complainant or of a third person who knows the facts, or documentary evidence, its purpose being to verify the averments and induce the court to credit the bill for the truth of its statements. *Block v. City of Baltimore*, 149 Md. 39, 58, 129 A. 887. For instance, in a case where the slaves of a testator applied for an injunction on the ground that they had been manumitted by his will, Chief Judge Le Grand said: "In general it is necessary that the bill should be sworn to, but this is not in all cases indispensable. Here, the complainants are Negroes, and * * * incompetent to give testimony in any case in which a white person is interested. They, therefore, could not have made the affidavit. What is required as preliminary to the granting of an injunction, other than the sufficiency of the averments of the bill is, that the confidence of the court should be obtained, and this may be had on documentary evidence as well as on affidavit." *Negroes Charles et al. v. Sheriff*, 12 Md. 274, 279. It is provided by statute that when a demurrer to a bill of complaint is sustained, the court has the right, in its discretion, to allow the plaintiff to amend the bill upon any terms it shall deem to be reasonable.

Code, 1939, Art. 16, Sec. 182. It is the practice for the chancellor, upon granting leave to the complainant to amend the bill, to allow him to make by interlineation any short and apparently unimportant amendments, such as the correction of a name or the insertion of an allegation not materially varying the general structure of the case. Of course, the complainant should not permit the interlineation to confuse the new matter with the original matter; nor should he repeat in an amended bill all the allegations of the original bill, thereby making a complete duplicate of the record. *Walsh v. Smyth,* 3 Bland 9, 21; *Wagoner v. Wagoner,* 77 Md. 189, 193, 26 A. 284. But the chancellor must determine the propriety of an amendment, and the allowance of an amendment is not subject to appeal. *Calvert v. Carter,* 18 Md. 73, 108; *Scarlett v. Academy of Music,* 43 Md. 203, 208.

According to the ancient English doctrine, chancery had no jurisdiction to decide questions relating directly to contested titles to real estate. *Clayton v. Shoemaker,* 67 Md. 216, 9 A. 635. In this State an injunction should not be granted to protect a disputed legal right pending its adjudication in a court of law, unless serious injury would result from the act sought to be restrained, but an injunction may be granted for permanent enforcement of a title which is free from reasonable doubt. The party seeking the protection of equity for his property must be able to show a clear title, or a least a fair *prima facie* case in support of the title he asserts, and he must also show that irreparable injury will result from the invasion of his legal right, as well as the irreparable nature of the injury likely to be sustained before the legal right upon which the application for injunction is founded can be fully vindicated in the proper forum. *Bernei v. Sappington,* 102 Md. 185, 190, 62 A. 365. Thus, where a complainant's claim to a right of way by prescription over the defendant's land is disputed, and the complainant has another reasonably convenient outlet from his land, an injunction will not be granted to restrain the obstruction of the disputed way before the

complainant has established his right in an action at law. *Gulick v. Fisher,* 92 Md. 353, 48 A. 375. However, when a landowner alleges that the use by the public of a road across his land was not adverse and did not constitute a dedication of the road, the burden is upon him to show that the use of the road was by license or permission, or was under a contract inconsistent with the claim of right. *Canton Co. v. City of Baltimore,* 104 Md. 582, 65 A. 324. Even though the pleadings present conflicting contentions of the parties as to title, and evidence is adduced to support both contentions, nevertheless if it appears that there is no reasonable ground for the dispute, the chancellor has the right to determine the question of title and grant a decree of injunction without waiting for a decision on the question of title by a court of law. *Maulsby v. Scarborough,* 179 Md. 67, 16 A. 2d. 897. But when an injunction is sought to obtain decisive and permanent relief, not as a mere auxiliary remedy, and the title is contested upon grounds which appear to be substantial, the chancellor should refrain from granting relief until the title has been definitely established at law. *Oberheim v. Reeside,* 116 Md. 265, 274, 81 A. 590; *Howard v. Western Maryland Ry. Co.,* 138 Md. 46, 113 A. 574; *Mullikin v. Hughlett,* 142 Md. 539, 543, 121 A. 244. A court of equity has express statutory authority in Maryland, whenever a question of law appears which might conveniently be decided before evidence is offered, to pass an order directing the question to be raised for the opinion of the court. Code, 1939, Art. 16, Sec. 226. Hence, while it is proper for the chancellor to send questions of title to a court of law for trial, a permanent injunction may be granted at once if the complainant's title is clear, even though it is denied by the defendant. *Baltimore & Ohio R. R. Co. v. Silbereisen,* 121 Md. 407, 418, 88 A. 252, 89 A. 102. When the aid of a court of equity is sought on any ground, the chancellor should retain jurisdiction until he makes a final decree determining all the rights and equities of the parties within the scope of the pleadings for the pur-

pose of granting complete relief. *Poe v. Munich Re-Insurance Co.,* 126 Md. 520, 532, 95 A. 164.

One of the grounds upon which the defendants challenged the legal sufficiency of the amended bill was that it fails to allege that the use of the road has been notorious and hostile. It is a familiar principle that to estalish a right of way by prescription it is necessary to prove an adverse, exclusive and uninterrupted use of the way for twenty years. The term "adverse use" means use without license or permission, for an adverse right of an easement cannot grow out of a mere permissive enjoyment. Where, however, a person has used a right of way for twenty years unexplained, it is fair to presume that the use has been under a claim of right, unless it appears to have been by permission. In other words, the use of a way whenever one sees fit over the land of another, without asking leave is an adverse use, and the burden is upon the owner of the land to show that the use of the way was by license or contract inconsistent with a claim of right. *Cox v. Forrest,* 60 Md. 74; *Waters v. Snouffer,* 88 Md. 391, 41 A. 785; *Hansel v. Collins,* 180 Md. 209, 23 A. 2d 686. But the complainants in this case are basing their claim, not upon a private right of way, but upon the ground that their road has been dedicated to public use. In Maryland no particular form or ceremony is necessary to dedicate land to public use. No deed is necessary to evidence a dedication, nor any grantee in *esse* to take the title. *Harlan v. Town of Bel Air,* 178 Md. 260, 13 A. 2d 370. As dedication is purely a question of intention, any act of a landowner clearly manifesting such an intention is sufficient. *Lonaconing, M. & F. Ry. Co. v. Consolidation Coal Co.,* 95 Md. 630, 634, 53 A. 420. The intention to dedicate may be implied from the conduct of the landowner. If, for example, a person throws open a passage through his land, and makes no effort to prohibit persons from passing through it, and does not show by any visible sign that he wishes to preserve his right over it, his action is a manifestation of an intention to dedi-

cate the highway to public use and he is presumed to have so dedicated it. Thus, the question of dedication rests largely upon the ground of estoppel. *Mayor and City Council of Baltimore v. Frick,* 82 Md. 77, 83, 33 A. 435. The right of the public to a road does not depend upon its continuous use for a period of twenty years or for any other definite length of time, but upon its use with the assent of the owner for such a period that the public accommodation and private rights might be materially affected by an interruption of such enjoyment. *Day v. Allender,* 22 Md. 511, 525. Each particular case must be decided by considering the declarations of the landowner, his intentions as manifested by his acts, and all the other circumstances of the case. In our opinion, the bill of complaint in this case, alleging that the road in question is a public road, is not defective merely because it does not expressly allege that the public use of the road has been notorious and hostile.

It is provided by statute that every bill of complaint shall be expressed in terms as brief and concise as it reasonably can be, and shall contain simply a statement of the facts upon which the complainant asks for relief. Code, 1939, Art. 16, Secs. 174, 176. The material facts essential to the complainant's right to obtain relief should be alleged, but a general statement of the facts is sufficient. It is not necessary to state minutely all the circumstances which may conduce to prove the general charge, as these circumstances are properly matters of evidence which need not be recited to enable them to be admitted as proof. *Dennis v. Dennis,* 15 Md. 73, 124; *Maas v. Maas,* 165 Md. 342, 346, 168 A. 607. Even though every particular circumstance is not stated, the bill will be held sufficient if it states the complaint with reasonable certainty, clearness and accuracy so as to apprise the defendant of the nature of the claim brought against him. It is further provided by statute that the complainant in any suit in equity may, at his option, state in the bill of complaint any facts which are intended to avoid an anticipated defense. Code, 1399, Art.

16, Sec. 176. However, it is not necessary that the complainant should set out in the bill any facts upon which the defendant may possibly rest his defense. *Small v. Owings,* 1 Md. Ch. 363, 368. While an allegation as to the complainant's title should be certain, the defendant's claim to title is not required to be precise, but may be stated in general terms. *Story, Equity Pleading,* Secs. 255, 256. The averment in the bill in this case that the defendants claimed the ownership of the road is sufficient.

The defendants also contended that the amended bill does not contain a sufficient statement of facts to show irreparable damage. It is undoubtedly true that the mere allegation of a complainant that he will suffer irreparable damage is not of itself a sufficient foundation upon which to base injunctive relief, but facts must be stated which will satisfy the court that the complainant's apprehension is well founded. *City of Salisbury v. Camden Sewer Co.,* 135 Md. 563, 573, 109 A. 333; *American-Stewart Distillery v. Stewart Distilling Co.,* 168 Md. 212, 220, 177 A. 473. So, in *Amelung v. Seekamp,* 9 Gill & J. 468, 474, where Seekamp alleged that he would suffer irreparable damage from the closing of a private road from his mills to the Old Liberty Road, it was held that the bill of complaint was insufficient because Seekamp failed to allege that he had no other "reasonably convenient outlet" from his mills. It is also well settled that when a private individual seeks an injunction to remove a public nuisance, he must show that he is the owner of property injured by the nuisance and also that he would suffer some special damage different from that experienced in common with the other citizens. *Mayor, etc., of Georgetown v. Alexandria Canal Co.,* 12 Pet. 91, 99, 9 L. Ed. 1012, 1016; *Baltimore & Ohio R. R. Co. v. Gilmor,* 125 Md. 610, 617, 94 A. 200; 25 *Am. Jur., Highways,* Sec. 325. However, where the complainant alleges that others have obstructed a public way and unlawfully deprived him of his easement therein, the bill is sufficient if it alleges that the "only reasonable and convenient access" which he has to his property is

through the obstructed way. *Roman v. Strauss,* 10 Md. 89; *Shipley v. Caples,* 17 Md. 179; Jay v. Michael, 92 Md. 198, 48 A. 61. In *Gore v. Brubaker,* 55 Md. 87, 90, where the complainant sought an injunction to restrain another person from obstructing an alley, alleged to have been dedicated to public use, and thus prevent the defendant from interfering with the complainant's use of the alley, it was held that if the allegations of the bill were well founded in fact, the complainant would be entitled to relief. The court said that if, by reason of the obstructions in the public alley, the abutting owner was deprived of reasonable access to the buildings on his lot and thereby subjected to loss and inconvenience, such a result would be "such special and particular injury" as would entitle him to relief in equity.

The complainants allege in this case that they possess "no other convenient means of access" to the county highway except by the road which has been obstructed, and that the value of their property would be "seriously and permanently injured" by such an obstruction. They state specifically that the closing of the road would vastly increase the fire hazard for their property, hamper the delivery of feed and fertilizer to the farm, and practically prevent any physician from visiting the premises. They declare that as a result of the obstruction there would be "practically no proper ingress or egress" between their property and the county highway. Such an inconvenience would be a continuing one, causing pecuniary loss from day to day. The term "irreparable injury," as used in the law of injunction, does not necessarily mean that the injury complained of is beyond the possibility of compensation in damages, or that the injury must be very great. But while the complainants would be entitled to recover damages at law, they could not recover for the entire past and prospective injury in one suit, but only for the damages prior to the suit. These damages would be difficult to estimate, and in some cases might be comparatively trivial. Therefore, in seeking redress at law, they would be driven to a multiplicity

of vexatious and unprofitable suits. *Townsend, Grace & Co. v. Epstein,* 93 Md. 537, 557, 49 A. 629, 52 *L. R. A.* 409, 86 *Am. St. Rep.* 441.

As the complainants in this case are entitled to invoke the aid of equity, the order of the chancellor overruling the demurrer will be affirmed.

*Order affirmed, and cause remanded, with costs.*