Milton E. CANTER, Louis Urow, and Edythe
C. Urow, Appellants,

v.

Grace G. PURSE, Appellee.

No. 1860.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 5, 1956.

Decided Nov. 13, 1956.

Louis Urow, Washington, D. C., for appellants. Milton E. Canter, Washington, D. C., also entered an appearance for appellants.

Arthur J. Hilland, Washington, D. C., with whom Thomas N. Kindness, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges; and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

This is an appeal from an order dismissing an injunction suit for want of jurisdiction. The case was decided in the trial court on the basis of a sworn complaint and a sworn answer, together with certain affidavits submitted by the parties. The complaint recited that plaintiffs owned a tract of land in Charles County, Maryland; that defendant claimed to be the owner of an abutting tract of land fronting on a state

highway; that defendant's tract was traversed by an unimproved dirt road running from plaintiffs' tract of land to the state highway; that said road provided the only access to plaintiffs' property; and that plaintiffs and their predecessors in title had acquired in said road an easement or right-of-way by prescription, based on open, continuous, notorious and adverse use. The complaint further alleged that plaintiffs had cut timber on their land where it was piled up in substantial quantities awaiting transportation to mills but that defendant and her agents were obstructing the road and had refused to permit plaintiffs to use it. Plaintiffs sought and obtained a temporary ten-day restraining order against such interference and also asked for preliminary and permanent injunctive relief.

Defendant in her answer admitted that she was the owner of the land in question and that her land fronted on the state highway. She denied that the dirt road referred to by plaintiffs provided the only access to plaintiffs' tract and asserted that the road actually traversed a different tract of land owned and occupied by another person who was not a party to the suit. Defendant's answer further recited that plaintiffs had sought permission to haul timber across her land; that she had refused such permission; and that plaintiffs had nevertheless committed a series of trespasses over her land by hauling timber across it and had removed "No Trespassing" signs she had erected on her property. In addition to matters of general denial, defendant included in her answer the defense that the court was without jurisdiction of the subject matter.

The case was heard on plaintiffs' motion for a preliminary injunction and on defendant's motion to dismiss. In a carefully prepared opinion the trial court held that it was without jurisdiction, based generally on the five following propositions: (1) a permanent injunction would be tantamount to finding that plaintiffs had acquired an easement over the land of the defendant; (2) an easement is an interest in land and, therefore, an incident of title to land; (3) the Municipal Court is without jurisdiction where title to real property located in the District of Columbia is directly and necessarily at issue; (4) *a fortiori* it lacks jurisdiction to try an issue of title to land located without the District; and (5) that this was a local action and could only be brought within the state in which the land lies.

■ We are of the clear opinion that the trial court was correct in declining to assume jurisdiction of this action. While all of the rulings and conclusions announced by the trial court are probably supportable by logic and authority, we think there is one overriding rule which controls this case. It is that the litigation in the form here presented is local in character, is solely within the jurisdiction of the courts of Maryland where the respective properties are located, and cannot be adjudicated by any court of the District of Columbia.

We declared this rule several years ago in a situation where the legal picture was not in as clear focus as it is here. Maltby v. Richmond, F. & P. R. Co., D.C.Mun.App., 38 A.2d 624, 625. There the plaintiff, owner of property in Virginia adjacent to a railroad right-of-way, demanded damages of the railroad company because it operated its engines in such a negligent way as to cause fires to spread onto his property and also because of other acts of negligence which he said constituted a menace to his health and comfort. He charged that to avoid bodily injury he was compelled to abandon his property and that the home was destroyed by fire. Though there was no dispute as to title, the trial court dismissed the action for want of jurisdiction. In affirming we said: "We think the gravamen of his action, judged by the averments of his complaint, was for injury and nuisance to real estate and as such it was maintainable only in the Virginia courts." We cited Ellenwood v. Marietta Chair Co., 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913; Columbia National Sand Dredging Co. v. Morton, 28 App.D.C. 288, 7 L.R.A.,N.S., 114, 8

Ann.Cas. 511; and Irrigation Land & Improvement Co. v. Hitchcock, 28 App.D.C. 587, appeal dismissed 215 U.S. 613, 30 S.Ct. 401, 54 L.Ed. 349.

In the Morton case plaintiff, claiming to be the owner of a creek bed in Maryland, sued in the District of Columbia to enjoin defendant from dredging sand and gravel from his property. Defendant disputed plaintiff's claim of ownership. The court held that though defendant resided here the action was not maintainable in this District, saying: "If the principal fact * * * relates to land,—it is local, and the action must be maintained in the place where it is situated." In the Hitchcock case the court announced the same ruling and held that the courts of this jurisdiction have no power to enjoin trespasses on lands in Arizona. Again, in Philadelphia Co. v. Dickinson, 33 App.D.C. 338, it was held that the courts of the District of Columbia cannot enjoin invasion of or injury to land in another jurisdiction, saying: "This question of title is necessarily the fundamental question involved in the case, and ought to be tried in the State where the land is situated." That decision was affirmed by the Supreme Court in Philadelphia Co. v. Stimson, 223 U.S. 605, 32 S.Ct. 340, 345, 56 L.Ed. 570, in an opinion which we shall discuss later herein.

Those rulings govern our case. Plaintiffs own property in Maryland. Defendant owns adjoining property. Plaintiffs claim they own a right-of-way or easement in a road lying on defendant's property. Defendant denies this claim and alleges that the road really traverses property belonging to someone else, a stranger to the suit; also that plaintiffs had been trespassing on her property. Thus if the case went to trial, it would be incumbent on plaintiffs as part of their case to prove (in addition to their own title) the existence of a roadway on or over defendant's property and that they had acquired an easement therein by prescription or necessity or otherwise. " * * * [C]omplainant's title lay at the foundation of the suit, and it would be necessary for the complainant to prove it, if denied * * *." Philadelphia Co. v. Stimson, supra. Presumably also, these plaintiffs would have to prove that defendant had invaded their property rights, or ousted them of their claimed easement. Such evidence would necessarily involve a question or questions of title to real estate, or injury or damage or nuisance to real estate.

Appellants challenge the statement of the trial court that an easement is an interest in land and therefore an incident of title to land. This is answered in Engel v. Catucci, 91 U.S.App.D.C. 54, 197 F.2d 597, 599, where it was said that " * * * an easement is an interest in land which has peculiar characteristics of its own * * *," though it is not an estate or lien, an encumbrance or an equity in the ordinary sense of those terms. In Maryland it has been held that an easement is " * * * a dominant estate imposed upon a servient tenement." Consolidated Gas Co. v. Mayor, etc. of Baltimore, 101 Md. 541, 61 A. 532, 534, 1 L.R.A.,N.S., 263. See also Restatement, Property, Sec. 450.

But we should not permit the situation to become confused by labels or definitions. The important thing to remember is that a District of Columbia court cannot, in the situation we have here, operate as a source of title to property in Maryland. Our courts have no inherent power, by the mere force of a decree, to establish an extraterritorial title. Hart v. Sansom, 110 U.S. 151, 3 S.Ct. 586, 28 L.Ed. 101.

Only if the issue of title (the existence of an enforceable easement) were not in dispute, or if the dispute had already been adjudicated by the courts of Maryland, would there be any basis for injunctive action by any court in our jurisdiction. In Maryland it has been held that in a situation of this kind a permanent injunction will lie only " * * * if the complainant's title is clear * * *." Smith v. Shiebeck, 180

Md. 412, 24 A.2d 795, 800. And in Maryland the decisions also announce the rule that the equitable remedy of injunction will generally not be employed as a determinative (rather than an ancillary) remedy, except when plaintiff's right to an invaded estate is free from reasonable doubt or dispute, or to avoid multiplicity of suits. Metaxas v. Easton Pub. Co., 154 Md. 393, 140 A. 603. See also Potomac Edison Co. v. Routzahn, 192 Md. 449, 65 A.2d 580; Schultz v. Kaplan, 189 Md. 402, 56 A.2d 17; Metaxas v. J. R. Jarrell & Co., 164 Md. 180, 164 A. 232.

Appellants contend that equitable remedies may be invoked and directed in personam in such a way as to act indirectly upon real estate beyond the jurisdiction of the forum. They cite Fall v. Eastin, 215 U.S. 1, 30 S.Ct. 3, 7, 54 L.Ed. 65, which recognized the authority of an equity court to decree a conveyance of land in another state and if execution of the decree becomes necessary, to effect a transfer of legal title. But that decision also held that the doctrine is firmly established that a court not having jurisdiction of the res cannot affect it by its decree and that " '[n]either its decree nor any conveyance under it * * * is of any efficacy beyond the jurisdiction of the court.' " Appellants also cite Philadelphia Co. v. Stimson, supra, which as we have already seen, affirmed Philadelphia Co. v. Dickinson, supra, decided adversely to the position of our appellants. The Supreme Court, per Hughes, J., carefully noted that it was not a suit to determine a controversy between conflicting claimants under local law, not an action to restrain a trespass, or to try naked question of title to land. The ultimate holding was that an equity action will lie in the District of Columbia to prevent the Secretary of War from criminally prosecuting a riparian owner in Pennsylvania under a general act of the Federal Congress. That decision is of no possible help to appellants.

Also cited by appellants are two state decisions, Schmaltz v. York Mfg. Co., 204 Pa. 1, 53 A. 522, 59 L.R.A. 907, and Alexander v. Tolleston Club, 110 Ill. 65, which recognized ground for equitable intervention under the rule that "in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree." Citing Massie v. Watts, 6 Cranch 148, 3 L.Ed. 181. In our case appellants' claim to equitable relief is not based on any claim of fraud, nor is it the subject of a trust or contract; it depends directly on their alleged right to an easement by prescription. That important distinction was noted in Columbia National Sand Dredging Co. v. Morton, supra.[1] There, as we have seen, it was decided that because the right to injunctive relief depended on "the principal fact" of title to land, it was a local question to be determined in the jurisdiction where the land was situated. The court said this was so *unless* the "principal question" or primary objective was to require a defendant "to perform a contract, execute a trust or undo the effects of a fraud * * *."

Judge Learned Hand has written that "[i]t would be more nearly true to say that the court may enforce any personal obligation of the defendant, either to convey to the plaintiff, or—as in the case of express trusts—to hold the land for his benefit." Amey v. Colebrook Guaranty Sav. Bank, 2 Cir., 92 F.2d 62, 64, certiorari denied 302 U.S. 750, 58 S.Ct. 271, 82 L.Ed. 580. He continued: "When there is no such obligation, under the more general rule and the better considered decisions, courts will abstain."

Appellants argue that their action is transitory because they alleged injury to personalty—their logs and pulpwood. But their complaint sought no money damages; it recited the damage to their personalty as

1. It was also noted in Irrigation Land & Improvement Co. v. Hitchcock, supra, and was the subject of Annotation, 113 A.L.R. 940.

a reason for demanding injunctive relief. As in Maltby v. Richmond, F. & P. R. Co., supra, the gravamen of their action was for injury to or denial of rights in real estate.

Separate assignments of error concern the denial of motions for preliminary injunction and to adjudge defendant in contempt for failure to comply with the temporary restraining order. These points must fail in view of our holding that the trial court was right in dismissing the action for want of jurisdiction. Pang-Tsu Mow v. Republic of China, 91 U.S.App.D.C. 324, 201 F.2d 195, certiorari denied 345 U.S. 925, 73 S.Ct. 784, 97 L.Ed. 1356; United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884; 43 C.J.S., Injunctions, § 259a, p. 1008.

Finally, appellants complain of the minute entry showing dismissal of the action with prejudice. That entry recited that the action was being dismissed "as per Memorandum Opinion filed herein." It is clear from the record that the trial court did not determine the merits of the controversy; nor have we discussed or decided the merits. The judge's opinion made it plain, as we have also attempted to do, that plaintiffs should have sued in Maryland. Nothing done or written in these proceedings affects their right to seek redress in that state.

Affirmed.